## COLUMBUS CITY v. CUTCOMP.

1. **Intoxicating Liquors:** LICENSE TO SELL NOT A CONTRACT: ABROGATION OF. A license to sell liquors is not a contract vesting in the licensee rights which the state may not take away. Accordingly, where a license was granted to sell ale, wine and beer, under an existing ordinance of an incorporated town, it was competent for the town to abrogate the license, before its term had expired, by another ordinance prohibiting the sale of ale, wine and beer, and the license was no defense to a prosecution for a violation of the new ordinance.

2. **Appeal:** BY CITY OR TOWN IN PROSECUTION UNDER ORDINANCE: COSTS. Where a city or town appeals to the supreme court from a judgment rendered upon a prosecution under an ordinance, the costs of the appeal must be taxed to the appellant, even though the judgment is reversed. Code, § 4539.

*Appeal from Muscatine District Court.*

WEDNESDAY, OCTOBER 17.

ON the twenty-eighth day of March, 1882, an information was filed before the mayor of the town of Columbus City, charging the defendant with keeping a saloon, where wine, ale and beer were sold and billiards were played, in violation of an ordinance of the town. The mayor found the defendant guilty. He appealed to the Louisa district court, and upon his application the venue was changed to the Muscatine district court. The cause was submitted to the court upon an agreed statement showing the following facts: On the twenty-fourth day of February, 1881, the council of plaintiff passed an ordinance requiring the keeper of a billiard table to

pay a license of $40 per annum, and the keeper of a place for the sale of ale, wine or beer, to pay a license of $50. Pursuant to this ordinance, March 4, 1882, defendant procured from the mayor of plaintiff a license to keep a billiard table, and a saloon for the sale of ale, wine and beer, and paid therefor the sum of $90. On the tenth day of March, 1882, plaintiff passed an ordinance making it unlawful for any person in the incorporated town of Columbus City, or within two miles of the corporate limits, to sell any beer, native wine or other malt or vinous liquors not prohibited by the statutes of the state. Acting under the license, the defendant sold beer for the period of two or three days, and for that act the information was filed against him. The court found the defendant not guilty, and ordered his discharge. The plaintiff appeals.

*E. W. Tatlock*, for appellant.

*Sprague* and *Springer*, for appellee.

DAY, CH. J.—I. The question involved in this case is whether the adoption of the ordinance, prohibiting the sale of ale, wine and beer, abrogated the license issued pursuant to an ordinance authorizing the issuance of it, which was in force when the license was granted. In *Adams v. Hackett*, 23 N. H., (7 Fost.,) 289, it was held that, under a license to sell intoxicating liquors for a specified time, rights are acquired which cannot be taken away by a repeal of the statute under which the license was issued. But the very decided weight of authority holds that licenses to sell liquors are not contracts between the state and the person licensed, giving the latter vested rights, and partaking of the nature of contracts, but are merely temporary permits to do what otherwise would be an offense, issued in the exercise of police powers, and subject to the direction of govenment, which may revoke them as it deems fit. See *Metropolitan Board of Excise v. Barrie*,

34 N. Y., 657; *Calder v. Kurby*, 5 Gray, 597; *Common-wealth v. Brennon*, 103 Mass., 70.

The appellee contends, however, that, conceding this power to the state in virtue of its sovereignty, it cannot be exercised by a municipal corporation. But upon all rightful subjects of legislation, a municipal corporation exercises a portion of the sovereignty delegated to it by the state. In our opinion, the court erred in holding that the defendant was not guilty of a violation of the ordinance. Whether the defendant in a proper proceeding would be entitled to have refunded to him a portion of the license paid, is a question which the record in this case does not present.

II. The plaintiff asks a reversal of the cause with the usual costs. This proceeding is in the nature of a criminal prosecution. *City of Ottumwa v. Schaub*, 52 Iowa, 515; *State v. Vail*, 57 Id., 103. Upon an appeal by the state, all that we are authorized to do is to give an authoritative exposition of the law. Code, § 4539. *State v. Keeler*, 28 Iowa, 551; *State v. Kinney*, 44 Id., 444; *State v. Vail*, 57 Id., 103. The plaintiff will pay the costs.

2. APPEAL: by city or town in prosecution under ordinance: costs.

REVERSED.