DREW COUNTY v. BENNETT.

1. LIQUOR .   *Traffic in controlled by the Legislature.*
  In the absence of Constitutional restraints the regulation of the traffic in liquors is wholly within Legislative control.   The Leg-

islature may entirely prohibit it, or empower municipal corporations to do so within their limits. But neither counties, cities or towns can impose a tax upon the privilege not authorized by the Legislature.

2. SAME: *License*: *Excess recoverable from County*.
The Revenue Act of March 31, 1883, fixes the amount of license for the sale of liquor, and deprives the county court of discretion as to the amount; and any excess exacted by the county court above the amount fixed by the statute may be recovered from the county.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*Wells & Williamson* for appellant.

The only effect of par. 5 Sec. 4, or of the 5th division of Sec. 5. Rev. Act 1883, was to practically amend Sec's. 2 & 4 of Act March 8th 1879, so that dealers as referred to in these sections could sell in any quantity. There is nothing that expressly or impliedly abrogates the proviso in Sec. 2, " that it shall not be lawful to allow the same drank in the house or place of business of the vendor." Hence an applicant for license must pay the amount specified in Sec, 4 Act 1879, as amended by Act 1883, and such additional sum as shall be determined by the County Court, not less than $50. *Sec.* 11, *Act March* 8, 1879.

*W. F. Slemmons*, for appellee.

*Sec.* 6 *Rev. Law*, 1883, fixes the price for all privileges intended to be taxed, and repealed all the law of March 8, 1879, except the machinery for obtaining the privileges. The Act of 1883 fixes a different and larger amount on *all dealers in any quantity*. Sec. 4 enumerates all privileges

taxable for State, and Sec. 6 all for county purposes. The 5th division fixes the sum for the privilege of vending liquors in any quantity, at another and larger amount than the Act of 1879, and was intended to repeal that act and cover all taxes on the privilege. Sec. 226 repeals all laws in conflict with the same, except those expressly saved by proviso.

SMITH, J. The Drew County Court required Bennett to pay a County tax of $450 before it would grant him a license to keep a dram-shop for the year 1884. He paid it under protest and sued the County for $50, alleging that no more than $400 could be legally demanded of him for this purpose. The County Court dismissed his petition upon demurrer; but in the Circuit Court on appeal, it was ordered that the $50 be refunded.

1. Liquor traffic controlled by legislation. In the absence of Constitutional restraints, the regulation of the traffic in liquors is wholly within legislative control. The General Assembly may prohibit it altogether, or may empower municipal corporations to do so within their limits; it may leave the traffic open to all who choose to engage in it, without any restrictions; or it may provide that the business shall be carried on only under specified conditions and upon the payment of certain license fees. And the counties, cities and towns derive their power to impose a tax for the exercise of the privilege solely from the statutes upon the subject.

2. Excess for license recoverable from county. Under the Act of March 8, 1879, vendors of liquors in quantities not less than one quart, where the same was not to be drunk on the premises, were required to pay for a license, besides certain commissions to the Collector and certain fees to the Clerk, $200, one-half of which was for the use of the County and the remainder for the State. For the privilege of keeping a drinking saloon,

they had to pay, in addition to the aforementioned amounts, such further sum for the use of the County, as the County Court in its discretion might determine, not less than $50, nor more than $200. ( *Sec's.* 2, 4 *and* 11 *of the* Act).

The *Revenue Act of March* 31, 1883, *Sec's.* 4 *and* 6, directs the levy and collection of an annual State tax of $300 and County tax of $400 upon all liquor-dealers.

This supersedes so much of the former Act as fixes the price of license and invests the County Court with any discretion in the matter and establishes a new rule, which is to be uniform throughout the State. . The machinery for obtaining the privilege is left intact.

It follows that the excess over $400 which Bennett was made to pay as a County tax was an illegal exaction and he was entitled to recover it.

Affirmed.