EX PARTE CLARK.

Opinion delivered June 29, 1901.

LIQUORS—DISCRETION OF COURT TO REFUSE LICENSE.—The county court has a discretion in the matter of granting a license to sell liquors, both as to the personal character of the applicant and the suitableness of the place at which the sale is proposed to be made, and its decision, if supported by evidence, will not be reversed.

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

*G. G. Dent,* for Clark.

Conducting a licensed saloon is not *per se* a nuisance. 11 Humph. (Tenn.), 411; Black, Intox. Liquors, § 343. The county judge cannot discriminate between parties as to licenses. 43 Ark. 61; Black, Intox. Liquors, §§ 170, 171; Sand. & H. Dig., §§ 4856, 4857, 4863, 4867, 4868, 4877.

*P. H. Crenshaw, Witt & Schoonover,* opposing.

Appeals lie only from final decrees, judgments and orders. 26 Ark. 452; 26 Ark. 95; 25 Ark. 420; 36 Ark. 200; 30 Ark. 665. The opinion of the judge is not final. 48 Md. 592. The judgment must be rendered and entered before it is final. 32 N. W. Rep. 42; 1 Wash. T. 153. A final judgment must give relief by its own force, without further action by the court. 61 Ky. 30.

BUNN, C. J. This is an appeal from an order of the county court refusing to issue a whisky license. The petition was denied by the county court, and on appeal to the circuit court it was denied there also, and the judgment of the county court affirmed, in the following language, to-wit: "It is considered and adjudged by the court that the county judge of Ran-

dolph county, in refusing license, exercised a sound judicial discretion, as shown by the order and judgment refusing the same, and the evidence in the cause." The county court had a discretion in the matter, not only as to the personal character of the petitioner, but as to the suitableness or unsuitableness of the place at which the sale is proposed to be made. There is not only some evidence to sustain the county judge in his findings, but his findings are supported by the evidence, and we affirm the judgment of the circuit court on its conclusions thereon.