*In re* SARLO.

Opinion delivered July 22, 1905.

1. LIQUOR LICENSE—REVOCATION.—A liquor license is a mere privilege, revocable at the will of the State, or the State's delegated agencies. (Page 337.)

2. SAME—DISCRETION OF COUNTY COURT.—Where the popular vote at the last biennial election in the county, township and ward favored licensing the sale of liquors, the county court may license all applicants possessing the legal qualifications or not, but it must treat all alike who possess the required qualifications. (Page 338.)

3. SAME—POWER OF COUNTY COURT TO REVOKE.—In the exercise of its discretion to refuse liquor license, and to determine the character of the applicant therefor, the county court may grant a license to sell liquors upon condition that if the licensee shall permit gambling upon the premises, or if he shall be guilty of a breach of the Sunday law, or of the law against keeping disorderly houses, his license may be revoked. (Page 338.)

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Affirmed.

*Fulk, Fulk & Fulk,* for appellant.

The condition contained in the grant of license was not authorized by law. 43 Ark. 42; Kirby's Dig. § § 5119, 5120. The right to regulate the liquor traffic is vested in the Legislature. 43 Ark. 364; 45 Ark. 356; 34 Ark. 397. The county court merely

has the power to license. 41 Ark. 485; 31 Ark. 462; 46 Ark. 358. And does not include the power to revoke the license granted. 17 Col. 302; 6 Rich. 404; 43 Ia. 514; 52 Ia. 515; 150 Mass. 325; 163 Mass. 470; 21 Minn. 512; 46 N. J. L. 108; 5 Hun, 25; 95 N. Y. 223; 21 Or. 83; 29 Grat. 705; 78 Va. 375; 75 Va. 947; 65 Ia. 556; 158 Mass. 200; 23 Neb. 371; 27 Nev. 71; 46 N. J. L. 108; Black, Intox. Liq. 127.

*J. C. Marshall,* for appellee.

A liquor license is always subject to revocation. 53 Ark. 353; 71 Ark. 419. The county court had such authority. 34 Ark. 394; 70 Ark. 395. And could enforce the condition imposed at the time the license was granted. 41 Ark. 456; 6 Mackey, 409; 69 Ark. 435; 69 Pac. 407; 63 L. R. A. 337; 87 Ga. 120; 68 Ill. 372; 95 N. Y. 223; 12 N. Y. 25; 68 Ill. 444; 141 Mass. 321; 32 L. R. A. 706, 116; 61 Ark. 321; 95 N. Y. 223; 84 S. W. 500.

HILL, C. J. When the matter of granting liquor license in Pulaski County for the year 1905 came before the county court, the court decided to grant license in the county upon this condition or reservation, which was incorporated in the license issued to all applicants who were found qualified, towit: "Conditioned that this license is issued, by the consent and agreement of the licensee, upon the condition that if the licensee shall permit gambling upon the premises, or if gambling occurs upon the same through his connivance or agency, or if he is guilty of a breach of the Sunday law, or the law against keeping disorderly houses, the county court may at any time revoke this license, this license being issued upon the express condition, and with that reservation."

Sarlo agreed to the terms, accepted the license, and conducted a saloon thereunder. He violated the Sunday law against keeping open saloon, and was fined therefor. The prosecuting attorney filed information before the county court, reciting these facts and praying revocation of his license. He was cited to answer, and on a hearing the license was revoked, and he appealed to the circuit court, where the case was tried on an agreed statement of facts developing the facts as set forth herein. The circuit court revoked the license, and Sarlo brings the case here.

The authorities are practically uniform in holding that a liquor license is a mere privilege, revocable at the will of the State.

It is not a contract between the State and the licensee, and no property rights inhere in it. Constitutional limitations against impairing obligations, retroactive laws, etc., cannot be invoked in support of rights under it. It is not a vested right for any definite period; in fact, is not a vested right at all, but is a mere permission temporarily to do what otherwise would be a violation of the criminal laws. *Metropolitan Board* v. *Barrie,* 34 N. Y. 667; *Sprayberry* v. *Atlanta,* 87 Ga. 120; *Schwuchow* v. *Chicago,* 68 Ill. 444; *Moore* v. *Indianapolis,* 120 Ind. 483; *Columbus* v. *Cutcomp,* 17 N. W. Rep. 47; *Martin* v. *State,* 23 Neb. 371; Black on Intoxicating Liquors, § § 127, 129.

The power of the State over liquor licenses is complete. It is part of the internal police of the State, in which the power of the State is sovereign. The State may repeal the statute authorizing the license; revoke, annul or modify the license; create conditions, limitations and regulations subsequent to its issue burdening its exercise; and may delegate these powers to agencies of the State, as municipal corporations, county courts, boards of excise commissioners, etc. 17 Am. & Eng. Enc. (2d Ed.), pp. 262, 263; *Metropolitan Board* v. *Barrie,* 34 N. Y. 667; *Schwuchow* v. *Chicago,* 68 Ill. 444; *Sprayberry* v. *Atlanta,* 87 Ga. 120; *Boston Beer Co.* v. *Massachusetts,* 97 U. S. 25; Black on Intox. Liq. § 127.

In this State the issuance of liquor licenses is committed to the county court, subject to a veto upon such issuance when the vote at the last biennial election in the county, township or ward is against it. Kirby's Dig. § 5120. The grant or refusal of license, where it is voted to be lawful to issue it, is exclusively and finally determined by the county court. The county court may license all qualified persons applying therefor, or may license none. It cannot be controlled in determining a policy of license or no license. When a policy of license is adopted, then the court must treat all alike who possess the legal qualifications. It cannot license favored classes or persons, and refuse others possessing similar qualifications. Ex parte *Whittington,* 34 Ark. 394; Ex parte *Levy,* 43 Ark. 42; Ex parte *Clark,* 69 Ark. 435.

Possessing this power derived from the State, which clearly has the power to insert conditions in the license like the one under consideration, or authorize one of its agencies to do so, the

question remains, does the power above outlined in the county court include the power to grant licenses subject to a condition that the laws regulating the liquor traffic shall be obeyed by the licensees under penalty of revocation?

The Supreme Court of Louisiana recently said:

"We do not criticise the proposition pressed upon our attention that, where the power is delegated to a municipal corporation to forbid the sale of intoxicating liquors, it may grant the privilege of selling on terms and conditions it chooses to impose, and that then it has the power claimed for it to impose the additional condition that a license shall be subject to recall on violation of any statute or ordinance relating to the liquor traffic; that the municipality could then, as it were, exercise a sort of resolutory condition." *Shreveport* v. *Draiss,* 111 La. Rep. 511.

The State of Illinois conferred on municipalities the power to license, regulate, restrain and suppress the liquor traffic. The Supreme Court of that State said: "The Legislature, then, having conferred such power, it was for the common council to determine whether they would wholly suppress the sale of intoxicating liquors, or grant the privilege on such terms and conditions as they might choose. And the power was ample, under this grant, to impose as a condition that when a license is granted it should be liable to revocation on the violation of the ordinances regulating the traffic, or, having absolute control over the whole subject of granting licenses, they may impose any other condition calculated to protect the community, preserve order, and to suppress vice." *Schwuchow* v. *Chicago,* 68 Ill. 444.

In Georgia a similar case arose, and the court said:

"Under the charter the mayor and general council have power to grant licenses for the sale of liquors, or to prohibit the sale altogether by refusal to issue licenses. If they have power to prohibit the sale altogether by refusal to issue license therefor, they certainly have the right to issue license under such restrictions, conditions and limitations as may seem proper to them." *Sprayberry* v. *Atlanta,* 87 Ga. 120.

The power of issuing liquor licenses was vested in the commissioners of the District of Columbia, and they made a rule denying license to keepers of provision stores. One of the applicants contested, and claimed that this was legislative power,

with which the commissioners were not vested; that the commissioners must pass on the applications individually, and not exclude a class who otherwise possessed the legal qualifications to obtain license. The court said: "If they are invested with such discretion, may they not, by rule made *in advance,* say that in a given instance they will not issue a license if it is apparent that there is some good reason for making such rule? If it is an arbitrary rule made without cause or reason for it, and is simply oppressive, it would be beyond the power of the commissioners, and this court might so declare." *U. S.* v. *Com.,* 6 Mackey, (17 D. C.), 409.

Another phase of the case is presented in the consent of Sarlo to the condition. A case, similar in many respects, arose in Iowa, and the court said:

"In this case the plaintiff took his license from the city with the distinct provision written upon it that a violation of any of the ordinances of the city by the party holding this license shall work a forfeiture of the same. It was somewhat in the nature of a reservation, evidently intended as a safeguard against allowing improper persons to hold license, and the plaintiff took it with a full understanding of the consequences. attendant upon a violation of the ordinances of the city. Having entered into the stipulation, so to speak, with the city, he cannot be heard to complain that, while engaged in prosecuting the very business permitted by the license, he violated an ordinance of the city, and the very terms of the license itself, and that therefore his license was revoked." *Hurbur* v. *Baugh,* 43 Ia. 514.

In Pennsylvania the court authorized to issue licenses imposed a condition upon a saloonkeeper that he was not to sell beer in kettles, on acount of the too great demand in the neighborhood for that form of drinking. He agreed to the condition, which was entirely beyond any statutory requirements. He violated the terms of his agreement. The court held that it was within the discretion of the licensing power to impose this condition, which was manifestly promotive of the peace and sobriety of that particular locality, and the failure to observe it worked a revocation of the license. *Gerstlauer's License,* 5 Penn. Dist. Rep. 97.

In *Schwuchow* v. *Chicago,* 68 Ill. 444, and *Sprayberry* v. *Atlanta,* 87 Ga. 120, importance was attached to the fact that the licensees had accepted the terms imposed by the municipalities, and took their licenses, as did Sarlo, with them written in the face thereof.

The power of the county courts is not so broad and extensive as the power conferred on municipalities and excise boards in the cases reviewed, and it is not clothed with superintending power over the liquor traffic. Its power over it is derived solely from the power to refuse license at all and to determine the character of the applicants applying therefor. In the cases reviewed the power to impose conditions requiring obedience to the laws and other conditions promotive of the public good is derived from the power to refuse license, in that way prohibiting the business. The county court does possess this power of refusing license, and should, in determining the question of whether license should be granted, take into consideration the character of the applicants, particularly their character as to observance of the laws regulating their business. In the exercise of these duties the county court of Pulaski County adopted a policy of no license to any one except on condition of an obedience to the laws regulating saloons, and a forfeiture of the license on a failure to obey these laws. The court is of opinion that it was within the power of the county court to adopt a requirement of obedience to the laws as a condition of granting any license; and when the licensees voluntarily assumed these conditions, instead of refusing the license or availing themselves of their legal remedies to contest this power and the manner of its exercise, they cannot complain of a revocation of the license produced by their violation of the law contrary to their agreement and the terms of the license.

The judgment is affirmed.

BATTLE, J., concurs in the judgment; not the opinion.

McCULLOCH, J., (dissenting.) I do not agree with the majority of the court that the county court had either the power to insert the condition in the license or to revoke the license after breach of the condition. However wholesome the exercise of such power may seem to be, it is sufficient to say that the Legislature has not seen fit to confer that authority, and it is

not within the province of the courts to read it into the statute. The power to regulate and control the liquor traffic is vested exclusively in the General Assembly, which may delegate it to any other body or tribunal. It has not yet done so. The county court has no legislative power, and is not invested with power to regulate the sale of liquor. Its powers are limited solely to that of determining, after the people have voted affirmatively on the license question, whether or not license shall be granted, and of issuing the same to such persons of good moral character as apply therefor. To that extent it may exercise the veto power to prohibit the liquor traffic altogether; but when it has determined upon a policy, and found the applicant to be a person of good moral character, and issued to him a license to sell whisky for the year, its powers are completely exhausted, so far as that applicant is concerned. In passing upon the question of license to a given applicant, the court must first determine whether or not he is a person of good moral character. The court cannot pretermit a determination of that question, and take the applicant upon probation, so to speak, by granting a license upon condition that he shall thereafter continue to be of good moral character, or that he shall not thereafter violate the law, under penalty of having his license revoked.

None of the cases cited in the opinion of the majority, with a single exception, sustain the view that the county court has power either to insert the condition or to revoke the license. All of them are cases where the power of revocation is sought to be exercised by municipal boards having legislative functions and empowered to regulate the liquor traffic. It is conceded, as before stated, that the Legislature has power either to impose conditions upon liquor licenses, or to revoke them, or to authorize some other body to regulate the traffic by the imposition of conditions and to exercise the power of revocation.

The Legislature of this State has done neither. I am not aware of the decision of any court holding that a court or other body not exercising legislative functions can revoke a license once issued, with the single exception of a decision of a district court of Pennsylvania cited in the majority opinion.

In the case of *Lantz* v. *Hightstown,* 46 N. J. L. 102, the learned judge, delivering the opinion of the court, said: "In

regard to the exercise of the power over the subject of licensing inns, the statute contains express mention of the grounds upon which the court of common pleas shall proceed to revoke the license before the expiration of the time for which it is granted. Rev. p. 489, § 24. This section contains a wide scope for judicial action, and the prescription of the causes which shall be the ground for revocation is an implied admission of the absence of the power to revoke without legislative sanction. I know of no case where this power has been asserted in a case not coming within those mentioned in the act. I can find no instance in the practice of boards of excise or other licensing bodies in which the power of revocation has been exerted except under the provisions of a statute."

Our statute (Kirby's Digest, § § 2052-2057) prescribes the offenses for which the license of a saloonkeeper may be canceled, and it may be said that this excludes the power to revoke for any other cause. It is not contended that the county court has, under this statute, the power to adjudicate the guilt of the licensee of the offenses named and to revoke his license on that ground. That power is lodged in the courts exercising criminal jurisdiction, and the cancellation of the license follows as a part of the penalty for the violation of the law.

The right of the county court to revoke the license is based, in the majority opinion, upon the ground that the appellant accepted the license and voluntarily assumed the performance of the conditions imposed, and cannot, therefore, now be heard to dispute the power of the court to impose the conditions to revoke the license for his failure to perform them—an application, as I understand it, of the doctrine of estoppel. I think it is a misapplication of that doctrine, as the license is in no sense a contract, and appellant was not, by acceptance of the license, barred from disputing the power of the court to insert conditions not authorized by law.

In the case of *Drew County* v. *Burnett,* 43 Ark. 364, the county court had exacted of an applicant for liquor license a tax of $50 in excess of the amount fixed by the statute. He paid it under protest, and sued the county to recover the excess, and this court held that the requirement of payment of the excess was an illegal exaction, and that the applicant could recover it

from the county. Now, if the majority of the court are correct in their view that the power of the county court to prohibit the liquor traffic altogether involves the power to permit it upon conditions, then it could be said with equal force that the court has the power to issue license only on condition that the applicant pay an assessment in excess of the tax fixed by statute. This court has held (properly, I think ), in the case cited above, that the county court cannot exact an excessive amount for the license, and I think it reasonably follows from this that the county court has no power to impose any conditions at all, and that, if such are imposed, the court lacks power to enforce them.