BELT v. PAUL.

Opinion delivered December 9, 1905.

1. LIQUORS—INSERTION OF CONDITIONS IN LICENSE.—It is within the power
   of the county court, in granting a license to sell liquors, to adopt a
   requirement that the licensee shall not sell liquor on Sunday. (Page
   214.)

2. LIQUOR LICENSE—REVOCATION FOR BREACH OF CONDITION.—Where one
   licensed to sell liquors voluntarily assumes a condition imposed by
   the county court, instead of refusing the license or availing himself of
   his legal remedy to contest the power to impose conditions assumed by
   the county court and the manner of its exercise, he cannot complain
   of a revocation of the license produced by his violation of the agree-
   ment and the terms of the license. (Page 215.)

3. ENFORCEMENT OF CONDITIONS.—An agreement between the county court
   and one licensed to sell liquors, imposing conditions for the non-ob-

servance of which the license was revocable and prescribing the procedure for the enforcement of such agreement, will be enforced by the courts.   (Page 215.)

Appeal from Sebastian Circuit Court; STYLES T. ROWE, Judge; affirmed.

*Ira D. Oglesby,* for appellant. ·

Appellant's case differs from the Sarlo case in that appellant signed the agreement, not voluntarily, but under protest. Appellant was not required to refuse license without conditions attached and appeal, but had the right, if required to sign the agreement under protest, to refuse to be bound by it. 43 Ark. 364. In the absence of express enactment conferring the power, the county court is without jurisdiction to revoke the license after it has granted it.   Appellant did not submit to the jurisdiction of the county court, but challenged its jurisdiction.   Appellee having elected to file a written complaint, he will be held to as strict construction as if authorized by law.   6 Ark. 447; 20 Ark. 424; 46 Ark. 132.

*H. C. Mechem, W. R. Martin* and *F. A. Youmans,* for appellee.

The county court has exclusive jurisdiction to grant license to sell liquor.   Application for license confers jurisdiction of the person.   Having then jurisdiction of person and subject-matter, it may, by appropriate order or agreement with applicant, retain jurisdiction to revoke the license upon breach of conditions in the agreement.   A demurrer alleging that the court has no jurisdiction to "try the issues presented by the petition is not sufficiently specific.   Kirby's Digest, § § 6093, 6094.   The complaint will be considered as amended to conform to the facts.   31 Ark. 155; 62 *Id.* 264.   The claim of coercion is not justified by the evidence.   One may not by protest reserve a right to violate the law.   The principle announced in the Sarlo case is the law.

BATTLE, J.   Walter H. Paul filed a complaint in the county court of Sebastian County for the Ft. Smith District, and stated therein as follows: "That he is a citizen and a taxpayer of the district and county aforesaid, and as such citizen is interested in the good morals of, and the enforcement of the law in, the district; that Al Belt did, upon the 9th day of February, 1905, file an application in the Sebastian County Court for such district to

sell liquor; that attached to such application was an agreement that Belt would not sell liquor on Sunday; that license was issued upon the agreement; and that he violated such agreement by selling beers and liquors of various kinds on Sunday, the 25th day of June, 1905;" and asked that the license be revoked.

This complaint was filed while the county court was in session, and notice was given to Belt to appear before the county court, at the term then being held, to show cause why his license should not be revoked.

Belt appeared, and moved the court to abate "this cause and dismiss the complaint, because the same is filed without the authority of law, and because, if such complaint can be filed," it must be by the prosecuting attorney for that district; and moved the court to quash the summons issued and served in this cause for the following reasons: "When the summons or citation was issued, the regular October term of the county court of Sebastian County for the Fort Smith District had begun, and was then in session, and the summons could not be made returnable to a day in that term, * * * and for the further reason that complaint was not filed and summons served ten days before the beginning of the October term of the court."

The court overruled these motions.

Belt thereupon demurred to the complaint because the county court did not have jurisdiction, and it did not state facts sufficient to constitute a cause of action; and answered the complaint, alleging that the agreement was not voluntarily signed by him; "that he presented a proper and legal application, as required and provided by law, to obtain a license as a retail dealer, but the county judge refused to grant him a license unless he would sign the agreement; that defendant protested that he had fully complied with the law, and was entitled to license, but was informed by the court that it would be refused him unless he signed the agreement, and, being so coerced, he signed the same. And, further answering, denied that he did on the 25th day of June, 1905, contrary to the law, keep his saloon open to afford ingress and egress thereto on that said Sunday, June 25, 1905, [and that] he [on that Sunday] sold beers and liquors.

Upon hearing the evidence adduced by the parties the county court revoked the license of Belt, and he appealed to the circuit

court. In the circuit court the defendant, Belt, renewed the motions and demurrer he filed in the county court, which were overruled. The cause then came on to be heard upon complaint and answer. Evidence was adduced, and the following facts were proved:

License to sell liquor was granted to Belt on the condition that he would not sell liquor on Sunday; and that if he did so the county court should have the authority to revoke his license, upon certain procedure specified. Belt violated this agreement by selling liquor on Sunday, the 25th day of June, 1905, during the period he was licensed to sell. Belt was not at the time of his application a person of good, moral character, and under the laws of the State was not entitled to license to sell liquor.

Upon hearing this evidence the circuit court revoked the license of Belt, and he appealed to this court.

This case is controlled by In re *Sarlo,* 76 Ark. 336. In that case the license was issued "upon the condition that if the licensee shall permit gambling upon the premises, or if gambling occurs upon the same through his connivance or agency, or if he is guilty of a breach of the Sunday law, or the law against keeping disorderly houses, the county court may at any time revoke this license, this license being issued upon the express condition, and with that reservation." The license, because of a violation of the condition, was revoked by the county court. Chief Justice HILL, speaking for the court, said: "The authorities are practically uniform in holding that a liquor license is a mere privilege, revocable at the will of the State. It is not a contract between the State and the license, and no property rights inhere in it. Constitutional limitations against impairing obligations, retroactive laws, etc., can not be invoked in support of rights under it. It is not a vested right for any definite period; in fact, is not a vested right at all, but it is a mere permission temporarily to do what otherwise would be a violation of the criminal laws. *Metropolitan Board* v. *Barrie,* 34 N. Y. 667; *Sprayberry* v. *Atlanta,* 87 Ga. 120; 13 S. E. 197; *Schwuchow* v. *Chicago,* 68 Ill. 444; *Moore* v. *Indianapolis,* 120 Ind. 483; 22 N. E. 424; *Columbus City* v. *Cutcomp,* 17 N. W. 47; *Martin* v. *State,* 23 Neb. 371, 36 N. W. 554; Black on Intoxicating Liquors, § § 127-129. The power of the State over liquor licenses is complete. It is a part

of the internal police of the State, in which the power of the State is sovereign. The State may repeal the statute authorizing the license; revoke, annul or modify the license; create conditions, limitations, and regulations subsequent to its issue burdening its exercise; and may delegate these powers to agencies of the State, as municipal corporations, county courts, boards of excise commissioners."

The court in that case held "that it was within the power of the county court to adopt a requirement of obedience to the laws as a condition of granting any license; and when the licensees voluntarily assumed these conditions, instead of refusing the license or availing themselves of their legal remedies to contest this power and the manner of its exercise, they can not complain of a revocation of the license produced by their violation of the law contrary to their agreement and the terms of the license."

We do not know of any procedure specially prescribed by law for the enforcement of such agreements. In this case it was agreed that the proceeding to revoke may be as follows: "Complaint in writing shall be filed with the county court, charging the applicant with a violation of one of the said conditions, giving the time and circumstances of said violation; a copy of said complaint shall be served upon the person complained of at least five days before the time of hearing; and if the investigation shall establish upon due and proper proof that the complaint so filed is true, then the county court may revoke the license." The complaint in writing, charging Belt with a violation of one of the conditions in his agreement, was filed in this case in the county court. The time of the violation was the 25th day of June, 1905; the circumstances of the violation were by selling liquor on Sunday; and Belt appeared in the county court nine days before the hearing, and answered, and waived the copy of the complaint by not demanding it. An investigation was made which established upon due and proper proof that the complaint was true. According to his agreement his license was revoked. According to In re *Sarlo*, he has no right to complain. His license was not absolute, but conditional, and when the condition was broken his right to sell liquor ceased, and when his license was revoked, he had no cause to complain, because no right was taken from him. He had forfeited his license. In re

*Sarlo, supra; Stevenson* v. *McDonald, ante,* p. 208.

Judgment affirmed.