YARBROUGH *v.* BEARDON AND PHILLIPS *v.* FOREMAN.

4-7234—4-7249                                    177 S. W. 2d 38

Opinion delivered January 10, 1944.

554

*Harry C. Robinson* and *D. Leonard Lingo,* for appellant in No. 4-7234; *Ed. F. McDonald, Ed E. Ashbaugh* and *Miles & Amsler,* for appellant in No. 4-7249.

*E. H. Tharp* and *H. W. McMillan,* for appellees in No. 4-7234; *D. D. Glover, Madison K. Moran, J. S. Abercrombie, Williamson & Williamson* and *McMillan & McMillan, amici curiae.*

*Curtis DuVall,* for appellee in No. 4-7249.

McHANEY, J. These cases have been consolidated for trial in this court, since both present for decision the same principal questions, the constitutionality of Initiated Act No. 1, adopted by the vote of the people at the general election held on November 3, 1942, Acts 1943, p. 998.

The appeals in both cases involve county-wide local option elections in which the manufacture and sale of intoxicating liquors was voted out of the counties of Lawrence and Grant, on petitions therefor pursuant to

the provisions of said Act No. 1, the sufficiency of which petitions is conceded in both cases.

It is earnestly insisted that said Act No. 1 is in conflict with Amendment No. 7, the initiative and referendum amendment to the constitution, first, in that said act provides that the county court shall order a special election within a designated time at which the question of the manufacture and sale of liquor shall be voted on, whereas Amendment No. 7 provides that "All measures initiated by the people . . . shall be submitted only at the regular elections, . . . "; and, second, "it attempts to delegate authority belonging to the executive or legislative branch of the government to the judiciary."

First. It is argued that the election under said Act No. 1, at which the question of prohibition is submitted is a "measure" within the meaning of Amendment No. 7 and that it could be submitted only at a regular election. Said amendment defines the word "measure" as including "any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character." A similar, if not exactly the same question, was decided contrary to the contention of appellants in *Johnston* v. *Bramlett*, 193 Ark. 71, 97 S. W. 2d 631, wherein we said: "Amendment No. 7 to the constitution has no application. This is not an initiated act as provided for in that amendment. It is merely a submission to the legal voters of the county on the question of the sale of liquor, and is more in the nature of a referendum than an initiative petition. The law requires that the county court, when a petition containing 35 per cent. of the legal voters is signed and filed, make an order for an election for the purpose of taking the sense of the legal voters of the county who are qualified to vote at elections of county officers." While that case was decided under the provisions of Act 108 of 1935, prior to the adoption of said Act 1, which amended the liquor laws so as to reduce the necessary number of signatures on the petition from 35 per cent. of the legal voters to 15 per cent., still the question here involved is the same. We there further said: "There is no conflict between this law

(Act 108) and the constitution. This is not an election provided for by the constitution, and the provisions of the constitution cited have no application." And we add here that such a vote does not constitute the submission of a "measure" within the meaning of Amendment No. 7.

Second. Nor can we agree that the act is an unconstitutional delegation of executive or legislative authority to the judiciary. Act No. 1 provides for presenting the petition to the "county court," and, if sufficient, "said county court shall order a special election," etc. This is not an unconstitutional delegation of executive or legislative authority to the county court, for the constitution, art. 7, § 28, specifically provides: "The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties." Under this provision it has many times been held by this court that the county courts may perform many ministerial duties, many of them of the kind here in question, such as county seat removals and elections, *Russell* v. *Jacoway*, 33 Ark. 191, and contests over liquor elections, *Freeman* v. *Lazarus*, 61 Ark. 247, 32 S. W. 680. The passing on the sufficiency of the petitions here involved and the calling of the elections were matters of local concern to the people of Lawrence and Grant counties and the authority delegated by said Act No. 1 is within the express grant under the constitution.

In the Grant county case the further contention is made that said Act 1 is in conflict with the due process clause of the 14th Amendment to the federal constitution in that it makes no provision for notice to interested parties so that they may appear and be heard. We cannot agree. In 1905, this court, in *In re Sarlo*, 76 Ark. 336, 88 S. W. 953, said: "The authorities are practically uniform in holding that a liquor license is a mere privilege, revocable at the will of the state. It is not a contract between the state and the licensee, and no property rights

inhere in it. Constitutional limitations against impairing obligations, retroactive laws, etc., cannot be invoked in support of rights under it. It is not a vested right for any definite period; in fact, is not a vested right at all, but is a mere permission temporarily to do what otherwise would be a violation of the criminal laws. *Metropolitan Board* v. *Barrie*, 34 N. Y. 657; *Sprayberry, City of,* v. *Atlanta*, 87 Ga. 120, 13 S. E. 197; *Schwuchow, City of,* v. *Chicago*, 68 Ill. 444; *Moore, City of,* v. *Indianapolis*, 120 Ind. 483, 22 N. E. 424; *Columbus* v. *Cutcomp*, 61 Ia. 672, 17 N. W. 47; *Martin* v. *State*, 23 Neb. 371, 36 N. W. 554; Black on Intoxicating Liquors, §§ 127, 129.

"The power of the state over liquor licenses is complete. It is part of the internal police [policy] of the state, in which the power of the state is sovereign. The state may repeal the statute authorizing the license; revoke, annul or modify the license; create conditions, limitations and regulations subsequent to its issue burdening its exercise; and may delegate these powers to agencies of the state, as municipal corporations, county courts, boards of excise commissioners, etc., 17 Am. & Eng. Enc. (2d Ed.), pp. 262, 263; *Metropolitan Board* v. *Barrie*, 34 N. Y. 657; *Schwuchow* v. *Chicago*, 68 Ill. 444; *Sprayberry* v. *Atlanta*, 87 Ga. 210, 13 S. E. 197; *Boston Beer Co.* v. *Massachusetts*, 97 U. S. 25, 24 L. Ed. 989; Black on Intox. Liq., § 127." See, also, *Blum* v. *Ford, Commissioner of Revenues*, 194 Ark. 393, 107 S. W. 2d 340. Since the sale of intoxicating liquors is a mere license or privilege granted by the state, appellant Phillips took his license with its concomitant perils, including the right of the people under said act to take away from him, with or without notice, the privilege theretofore granted him, there being no contract or property right involved.

Another contention is made in the Lawrence county case, relating to the previous local option election held in Dent township in said county, under said Act 1, within two years of the election here involved in the whole county. Said Act 1 provides that, if at the election a majority vote wet, the Commissioner of Revenues may continue to issue licenses within said territory. If a

majority vote dry, then it shall be unlawful to license liquor dealers. It then provides: "In either case, a period of two (2) years at least shall elapse before another election on the same subject may be held in the territory affected." The election in Dent township was held on May 29, 1943, and Dent township voted dry. The election in Lawrence county and in each township and ward therein, including Dent, was held on July 31, 1943, and the county as a whole voted dry, as did also Dent township. The contention is that because Dent township voted on the question in May, Lawrence county could not hold a valid local option election until at least two years later. What is meant by the language next above quoted "in the territory affected"? We think it means the territory covered by the previous petition and in which the previous election was held. Therefore, Dent township was the "territory affected." No other part of the county was affected by the election held in Dent township in May, 1943, so the county as a whole, including Dent township, was not prohibited by the act from holding an election on the same subject within two years from May, 1943. Dent township, being the "territory affected," could not hold another election on the same subject until the lapse of two years, no matter how the majority voted. But the county, not being the "territory affected" is not so precluded. Interesting cases on the subject are cited by counsel *amici curiae*. Those interested in the subject are referred to *Board of Trustees* v. *Scott,* 125 Ky. 545, 101 S. W. 944; *Eggen* v. *Offutt,* 128 Ky. 314, 108 S. W. 333; *Schwartz* v. *People,* 47 Colo. 483, 104 Pac. 92; *State* v. *LaBorde,* 119 La. 410, 44 So. 156, 12 Ann. Cas. 711. In Joyce on Intoxicating Liquors, p. 433, notes 52 and 59, it is said: "Where, by a vote, the sale of liquors has been prohibited in a certain locality, a subdivision cannot by a separate vote under the same law permit the sale of liquor within the limits of the subdivision—and a county is not precluded from taking a vote within the period prescribed by the fact that a sub- .

division thereof has held an election.'' Such appears to be the holding of the courts and is the general rule.

We find no error, and the judgment in each case is accordingly affirmed.