McCurry *v.* Wilson.

5-1196                                   294 S. W. 2d 485

Opinion delivered October 29, 1956.

*Odell Pollard* and *Yingling & Yingling,* for appellant.

*J. E. Lightle, Jr.,* and *Ike Murry,* for appellee.

GEORGE ROSE SMITH, J. This is a taxpayer's suit by which the appellee, Jack Wilson, seeks to prevent the county board of election commissioners from submitting, at the coming general election, the question of whether the manufacture and sale of intoxicating liquors shall be prohibited in White county. The chancellor held the petition for a local option election to be legally insufficient and accordingly enjoined the county board from putting the issue upon the ballot.

The appellee's main contention is that Act 15 of 1955 (Ark. Stats. 1947, §§ 48-824, 48-825) requires that every petition for a local option election be cast in the form of an initiated county measure. Since the petition in the present case complies only with § 1 of Initiated Act No. 1 of 1942 (Ark. Stats., § 48-801) it is argued that the petition is for this reason legally insufficient. This contention is rejected in the companion case of *Brown* v. *Davis, supra,* page 843, also decided today, in which we hold that the petition may be drafted in compliance with the 1942 statute and that Act 15 of 1955 merely governs the procedural steps to be taken after the petition is filed with the county clerk.

In one respect, however, the present case differs from its companion and presents an additional issue for determination. White county is one of the few counties in the state which are neither completely wet nor completely dry. No intoxicating liquor can be legally sold in White county, but the sale of light wine and beer is permitted in a number of precincts in the county. In view of this situation it is argued that a petition calling for a clear-cut choice between the legalization of hard

liquor and the complete prohibition of all intoxicants will necessarily mislead and confuse the electorate, since there will be no way for a voter to express his preference for the moist condition that now exists in the county. Upon this theory the appellee argues that the petition for the election should have been limited to the submission of the question whether the manufacture and sale of light wines and beers would be permitted or prohibited.

However much this argument may appeal to a sense of abstract fairness, its fallacy lies in the fact that the statutes undeniably permit fifteen percent of the qualified voters to call for an election of the type now contemplated. Some twenty years ago White county adopted its present state of modified prohibition, under the terms of a 1933 act that was subsequently strengthened by Act 173 of 1939. Ark. Stats., §§ 48-518 and 48-823. But in 1942 the voters of the state as a whole adopted the initiated act upon which the present petition is based. This act defines intoxicating liquor as including any beverage containing more than one half of one percent of alcohol by weight. Ark. Stats., § 48-802. It then expressly declares that the act shall be so construed as to permit the qualified voters in any area "at one election to determine whether or not all alcoholic beverages, including all kinds and types of whisky, beer, and wine, shall be manufactured or sold . . ." Ark. Stats., § 48-806. In the face of this unmistakable language it cannot be reasonably supposed that the present petition is not authorized by law.

Reversed, the mandate to issue immediately.