WARD *v.* BOONE.

5-2078                                                331 S. W. 2d 875

Opinion delivered February 8, 1960.

[Rehearing denied March 7, 1960]

*Ike Murry* and *John F. Park,* for appellant.

*Odell Pollard* and *Robert C. Downie,* for appellee.

SAM ROBINSON, Associate Justice. Involved in this appeal are the issues of whether the county court has jurisdiction to hear and determine the outcome of a local option election on the question of the manufacture and sale of intoxicating liquors in White County and whether the complaint contesting the election held in accordance with Act No. 1 of 1942 as amended by Act No. 15 of 1955 states a cause of action. The election in issue was held on November 4, 1958. The county election commissioners certified that 3,811 votes were cast for the manufacture and sale of intoxicating liquors and 3,770 votes against the measure. Later the complaint herein was filed in the county court, alleging that the returns as certified were incorrect and that actually a majority of the votes cast were against the manufacture and sale of intoxicating liquors. The appellants demurred to the complaint, contending that the county court does not have jurisdiction of the subject matter and that the complaint does not state a cause of action. The county court overruled the demurrer, and appellants petitioned the circuit court for a writ of prohibition. The petition was denied and petitioners have appealed to this court.

We have held that the county court has jurisdiction in contests of local option elections on the liquor question. *Craig* v. *Barron,* 225 Ark. 433, 283 S. W. 2d 127; *Yarbrough* v. *Beardon,* 206 Ark. 553, 177 S. W. 2d 38. But appellants say that the decisions in that respect are not now applicable because of Act No. 15 of 1955, which provides:

"SECTION 1. Local option elections, to determine the legality or illegality of the manufacture, sale, bartering, loaning, or giving away of intoxicating liquors,

shall hereafter be held only on the regular biennial November general election days.

"SECTION 2. Every petition for a local option election shall be prepared in accordance with Initiated Act No. 1 of 1942, and it shall be filed, and the subsequent proceedings thereupon shall be had and conducted, in the manner provided for county initiative measures by Initiative and Referendum Amendment No. 7 to the Constitution of Arkansas and enabling acts pertaining thereto.

"SECTION 3. All laws and parts of laws in conflict herewith are hereby repealed.

"SECTION 4. Whereas, under the present laws local option elections can be called and held at special elections; and, whereas these elections can be held on regular biennial general election days and thereby save the counties the expense of these elections; now, therefore it is determined by the General Assembly that an emergency is hereby declared to exist, and this act being necessary for the immediate preservation of the public peace, health and safety, shall be in full force and effect from and after its passage and approval."

Subsequent to the adoption of Amendment No. 7 to the Constitution of Arkansas — the Initiative and Referendum Amendment — the General Assembly adopted Act No. 4 of 1935, an enabling act to the Amendment. It consists of 16 sections. Section 13 (Ark. Stat. § 2-314) provides: "The right to contest the returns and certification of the vote cast upon any proposed county act or measure is hereby expressly conferred upon any ten qualified electors and taxpayers of the county. Said contest shall be brought in the chancery court and shall be conducted under statutes and procedure for contesting the election of county officers, except that the complaint shall be filed within sixty days after the certification of said vote and no bond shall be required of the contestants."

The same session of the General Assembly for the year 1935 adopted Act No. 108, legalizing the manu-

facture and sale of intoxicating liquors. The act is very comprehensive and provides for local option elections on the question and for the contest of such elections. Article 7, § 14, par. 1 (Ark. Stat. § 48-820) provides: "Any election held under this law may be contested as provided for in this section: 1. The contest shall be heard and determined by the same board which, by law, is authorized and empowered to hear and determine a contest of an election for county officers; and the same provisions of the statutes shall apply to the contest of any election held under this law as are provided for the contest of any election for county officers, except as hereinafter provided."

Ark. Stat. § 3-1205 (Act No. 34 of 1875) provides: "When the election of any clerk of the circuit court, sheriff, coroner, county surveyor, county treasurer, county assessor, justice of the peace, constable, or any other county or township office, the contest of which is not otherwise provided for, shall be contested, it shall be before the county court, . . ."

Thus it will be seen that Act No. 108 of 1935 providing for local option elections on the liquor question, when construed along with Ark. Stat. § 3-1205, as it must be, gives the county court jurisdiction to hear and determine election contests in local option elections on the liquor question. But the question here is, does § 2 of Act No. 15 of 1955 change the law in that respect? The 1955 act provides: "Every petition for a local option election shall be prepared in accordance with Initiated Act No. 1 of 1942, and it shall be filed, and the subsequent proceedings thereupon shall be had and conducted, in the manner provided for county initiative measures by Initiative and Referendum Amendment No. 7 to the Constitution of Arkansas and enabling acts pertaining thereto."

Appellants argue that according to this provision of the statutes a contest of a local option election must be held in the court having jurisdiction to hear contests of county initiative measures as provided by Act No. 4 of 1935, the enabling act to Amendment No. 7.

It will be noted, however, that § 2 of Act No. 15 of 1955 makes no reference to an election contest. It deals only with the *petition* for a local option election and provides how it must be prepared and that subsequent proceedings thereon must be conducted in accordance with Amendment No. 7 and the enabling acts pertaining thereto. Act No. 15 fixes the date for holding a local option election, provides how the petition for such an election must be prepared, and fixes the jurisdiction for "subsequent proceedings *thereon*" — *on the petition for the election* — and nothing more. The Act does not mention an election contest, either directly or by reference. It is hard to believe that the General Assembly intended that the Act should apply to all the ramifications of an election contest and completely change the law fixing the jurisdiction in a contest of local option elections without even mentioning an election contest.

Since the adoption of Act No. 15 of 1955, two cases have been before this Court that involve the application of that Act. Both cases came from chancery courts. Both involved the validity of a *petition* for local option elections. In neither case is anything said that would indicate that the chancery court has jurisdiction of a local option election contest. *Brown* v. *Davis*, 226 Ark. 843, 294 S. W. 2d 481; *McCurry* v. *Wilson*, 226 Ark. 860, 294 S. W. 2d 485.

In reaching a conclusion as to the intent of the Legislature, another thing to be considered is Article VII, § 28 of the Constitution, which provides: "The county court shall have exclusive original jurisdiction in all matters relating to county taxes, roads, . . . and in every other case that may be necessary to the internal improvement and local concerns of the respective counties."

In *Freeman* v. *Lazarus*, 61 Ark. 247, 32 S. W. 680, it is said: "The issuance of license to sell liquors is a matter of local concern, as much so as the removal of a county seat; and the circuit court correctly held that the jurisdiction to determine a contest of the vote upon the question of liquor license is in the county court." (cit-

ing Article VII, § 21 of the Constitution). Obviously there is a typographical error. It is clear that the court was referring to § 28 of Article VII. And in referring to Article VII, § 28 of the Constitution, the Court said in *Yarbrough* v. *Beardon,* 206 Ark. 553, 177 S. W. 2d 38: "Under this provision it has many times been held by this Court that the county courts may perform many ministerial duties, many of them of the kind here in question, such as county seat removals and elections . . . and contests over liquor elections."

In the recent case of *Jones* v. *Dixon,* 227 Ark. 955, 302 S. W. 2d 529, we held that the county court had jurisdiction in an action to contest an election held on the question of constructing a county hospital. That decision was based on Article VII, § 28 of the Constitution, giving the county court exclusive jurisdiction in all matters relating to internal improvement and local concerns of the respective counties. As heretofore pointed out, *Freeman* v. *Lazarus* (61 Ark. 247, 32 S. W. 680) held that Article VII, § 28 of the constitution gives county courts jurisdiction to determine a contest of the vote on the liquor question. In view of the constitutional provision, the existing statutes and decisions of this Court, and the wording of Act No. 15 of 1955, it cannot be said that it was the intention of the General Assembly to change from the county court to the chancery court the jurisdiction to hear and determine the contest of local option elections on the liquor question.

The next question is whether the complaint filed in the county court states a cause of action. The complaint contains 29 numbered paragraphs, in which appellees complain of the method of holding the election and the results thereof. The complaint alleges that the returns as certified show there was a majority of only 41 votes in favor of the manufacture and sale of intoxicating liquors. It is also alleged that the certificates of the officials reflected that 58 wet and 52 dry votes were cast in Garner Township; that the returns as canvassed and certified by the election commissioners show 68 wet votes

and 42 dry votes; that the change in the total of said votes was made after certification by the officials of Garner Township. The complaint further alleges the returns as certified by the county election commissioners show that in Gum Springs Township there were 42 wet and 27 dry votes, but as a matter of fact 36 ballots were cast in favor of the drys, and names the 36 electors voting dry. Moreover, the complaint alleges that in Denmark Township the election commissioners showed only 13 dry votes; that actually more than 19 votes were cast against the manufacture and sale of intoxicating liquors, naming those that voted dry. In addition, it is alleged that the returns show 66 wet and 27 dry votes in Higginson Township, and that there were in fact more than 40 votes cast as dry in that township. We think the allegations mentioned state a cause of action without considering the other allegations in the complaint. Neither do we take into consideration the allegations contained in an amended complaint brought up by *certiorari*. It is our conclusion that the county court has jurisdiction and that the complaint states a cause of action.

Affirmed.