HENDRICKS *v.* PARKER.

5-3205                                            375 S. W. 2d 811

Opinion delivered February 10, 1964.

[Rehearing denied March 23, 1964.]

*N. L. Schoenfeld,* for appellant.

*Arnold & Hamilton,* for appellee.

PAUL WARD, Associate Justice. This litigation stems from a local option election in Ouachita County relating to the manufacture and sale of intoxicating beverages. There is no dispute as to the pertinent facts and the record contains no testimony.

*Facts.* The election, held on November 6, 1962, resulted in 4,604 votes against and 4,330 in favor of the manufacture and sale of intoxicating beverages. A recount showed different figures but did show 184 more votes against than in favor of the manufacture and sale of alcoholic beverages. In due time appellants (represented by their attorney) filed in the Ouachita County Court a petition contesting the result of said election. Also, in due time, appellees filed a response to which were attached interrogatories directed to appellants regarding certain allegations contained in their petition.

Trial was set for January 7, 1963, but, since appellants' attorney was a member of the legislature, the trial was reset [in accord with Ark. Stat. Ann. § 27-1401

(Repl. 1962)] for April 15, 1963. On April 14, 1963 appellants filed in the county court a motion for continuance on the ground that their attorney was in the hospital and would be unable to attend the trial.

On the 15th, in the absence of their attorney, appellants presented their motion for a continuance which motion appellees resisted and requested a trial on the merits. When appellants failed to proceed further, the County Judge, on April 15, 1963, (a) denied the motion for a continuance; (b) dismissed appellants' contest petition; and (c) directed the court clerk to make and enter his certificate certifying the result of the election in favor of appellees.

On May 16, 1963 appellants filed in circuit court a petition for a writ of certiorari alleging numerous reasons why that court should direct the county court to hear the contest petition on its merits. Attached to the petition for certiorari were copies of the pleadings and the order filed in the county court.

To appellants' petition for a writ of certiorari appellees filed a demurrer based on the assertions (among others) (a) that the petition contains no allegation of want of jurisdiction in the county court, and (b) that certiorari cannot be used as a substitute for appeal. The circuit court, after oral arguments by both sides, sustained the demurrer and dismissed appellants' petition. This appeal is from that order.

In our judgment the order of the trial court must be affirmed. Appellants' proper remedy was by appeal from the order of the county court. Certiorari will not take the place of an appeal [unless the right of appeal has been lost by no fault of the aggrieved party—which is not the case here] and lies only when the inferior court acted without jurisdiction or beyond its jurisdiction. This rule of procedure was clearly announced in the early case of *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605, 33 S. W. 1064. Since the date of the above decision (1896) the rule has been affirmed by this Court

no less than fourteen times including the recent case of *Hyder* v. *Newcomb,* 234 Ark. 486, 352 S. W. 2d 826.

In the case under consideration there can be no doubt that the county court had jurisdiction to hear the contest. *Ward* v. *Boone,* 231 Ark. 655, 331 S. W. 2d 875. In any event appellants are in no position to contend otherwise because they chose that forum. It follows therefore that the county court also had jurisdiction to deny their motion for continuance. Whether or not the county court abused its discretion could not be re-examined by the circuit court on certiorari. *Hardin* v. *Norsworthy,* 204 Ark. 943, 165 S. W. 2d 609.

In view of what we have said above, we cannot escape the conclusion that the circuit court acted properly, and its judgment is affirmed.

Affirmed.