Jackie Ann BERKY *v.* STATE of Arkansas

CR 80-246                                    613 S.W. 2d 818

Supreme Court of Arkansas
Opinion delivered April 6, 1981
[Rehearing denied May 4, 1981.]

*John Wesley Hall, Jr.*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for respondent.

RICHARD B. ADKISSON, Chief Justice. Petitioner Jackie Ann Berky, being charged with felony possession of marijuana, negotiated a plea of guilty with the state for a $1,000 fine and a two-year suspended imposition of sentence. The court accepted the negotiated plea and entered judgment accordingly.

Counsel for petitioner then asked that the fine be suspended conditioned upon the "probationary period being successfully completed," and stated that under Act 346 of 1975 the court was without authority to impose a fine. The court then asked if petitioner wanted to withdraw her plea of guilty to which she answered in the negative.

The trial court delayed petitioner's obligation to pay the fine until after review by this Court. Petitioner now brings certiorari, urging that this is a proper method of review because "the trial court acted beyond its jurisdiction

and petitioner is unable to appeal the trial court's actions otherwise, through no fault of [her] own."

Petitioner is not without "fault." A plea was negotiated, she got exactly what she bargained for. The sentence was authorized by law. And, there is no appeal from a plea of guilty. Rule 36.1, Ark. Rules Crim. Proc., Ark. Stat. Ann., Vol. 4A (Repl. 1977). Here, certiorari is an improper means of review; petitioner is merely seeking to do by way of certiorari what she is prohibited from doing by Rule 36.1.

Writ denied.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I feel compelled to write this concurring opinion because the majority opinion does not fully treat the purpose of a petition for writ of certiorari and its application to the facts in this particular case. The office of the writ of certiorari is to bring before the court for its inspection the record and proceedings of a lower tribunal in order that the reviewing court may determine from the face of the record whether the inferior court has exceeded its jurisdiction or acted when it did not have jurisdiction. It is in the nature of an appellate procedure inasmuch as it obtains a review of the proceedings in the inferior court. Certiorari is a common law right and unless restricted by statute its office extends to the review of all questions of jurisdiction, power and authority of inferior tribunals to do the action complained of and whether the inferior tribunal has exceeded the boundaries prescribed by the express terms of the statutes or well settled principles of common law. See 14 Am. Jur. 2d, Cert. § 2.

Ark. Stat. Ann. § 22-200 (d) (Repl. 1962) provides the Arkansas Supreme Court shall have the authority to issue writs of certiorari. The language of the statute is identical to that found in the Constitution of Arkansas, Art. 7, § 4. Since there is no explanation of the office of the writ of certiorari, we must assume it means what it did at common law. We have stated that the scope of the common law writ has not been enlarged by statute. *McAllister* v. *McAllister*, 200 Ark.

171, 138 S.W. 2d 1040 (1940). We had reason to further discuss the use of a petition for a writ of certiorari in the case of *Switzer* v. *Golden*, 224 Ark. 543, 274 S.W. 2d 769 (1955). In the last cited case the facts are strikingly similar to those in the case before us. The facts in *Switzer* show that the petitioner entered a plea of guilty for the third offense of selling intoxicating liquors in dry territory. The court accepted the plea of guilty and sentenced the petitioner as a third offender, a felony, and suspended the sentence. Later the suspended sentence was revoked and the petitioner sentenced to five years in prison. He filed a motion for a new trial. In the motion for a new trial he claimed that the sentencing court exceeded its jurisdiction because he was charged only with selling intoxicants in dry territory. In other words, he was charged with a misdemeanor, not a felony. The court failed to act on the motion whereupon the petitioner filed for a writ of mandamus in the supreme court. We treated the petition for mandamus as a petition for certiorari and granted it. We addressed the matter of certiorari in the following words:

> The writ of certiorari is granted in two classes of cases: first, when it is shown that the inferior tribunal has exceeded its jurisdiction; and second, when it appears that it has proceeded illegally, and no appeal will lie or that the right has been unavoidably lost. *Ex parte Goldsmith*, 87 Ark. 519, 113 S.W. 799.

Having discussed the nature and purpose of the writ of certiorari, I now discuss briefly what it is not. We have held it will not lie to review mere errors at the instance of one who has lost his right of appeal by his own fault or neglects to apply for it as soon as possible after the necessity arises. *North Little Rock Transportation Co.* v. *Sangster*, 210 Ark. 294, 195 S.W. 2d 549 (1946). We have also held it will not take the place of an appeal unless the right of appeal is lost through no fault of petitioner and then it lies only when the inferior court acted without or beyond its jurisdiction. *Hendricks* v. *Parker*, 237 Ark. 656, 375 S.W. 2d 811 (1964).

The petition in the present case clearly alleged lack of jurisdiction on the part of the trial court. It is recognized that

no appeal lies from a guilty plea. Therefore, there was no right of appeal and the petition does not take the place of the right of appeal. On the face of the judgment the trial court sentenced the petitioner pursuant to Act 346 of 1975 which states in part:

> ... and place the defendant on probation for a period not less than one (1) year, under such terms and conditions as may be set by the court. ... nor shall any defendant be availed the benefit of this Act as a matter of right.

Although we have never been called upon to construe the above statute, it appears from its face that the court clearly had the right to place the petitioner on probation under such terms and conditions as deemed appropriate. After examination of the record we are able to state that the court neither acted without jurisdiction nor exceeded its jurisdiction as to any facet of the proceeding. Therefore, the petition should properly be denied even though it was the correct manner of bringing this procedure to the attention of this court.