DAVID F. VAN NORTWICK v. HENRY H. BENNETT.

Argued June 7, 1898—Decided June 13, 1898.

1. The Court of Common Pleas cannot grant a license under the act of April 4th, 1872 (*Gen. Stat.*, *p.* 1797), which is not recommended by ten freeholders.

2. The legislature alone has power to prescribe what license shall be granted, and the Common Pleas is without power to say that, although in the exercise of its discretion it will not grant the license provided by law, it will issue some other license not authorized by the act.

On *certiorari* to review the granting of a license to sell ale, &c., by the Monmouth Pleas.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *William H. Carson.*

For the defendant, *William H. Corbin.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The defendant, Bennett, applied for a license to sell ale, strong beer, &c., under the act approved April 4th, 1872.    *Gen. Stat., p.* 1797, *pl.* 60.

This application was recommended by ten freeholders, as required by the said act, and was in due form.

The application, as recommended by the ten freeholders, was for a license to sell in the place occupied by the petitioner, being the northwesterly side of the building erected on the southeasterly side of Shark river, between the county bridge and the railroad bridge.

When the application was presented to the Monmouth Pleas there was a remonstrance against granting it.    Thereupon the application was amended by restrictive words, defining the portion of the premises in which the license was to be used, and the following clause was inserted in the affidavit thereto :

" This application is made with the express understanding that no open bar is to be maintained, and that the purpose of this license is to serve guests at table with meals."

The affidavit was not again taken after this alteration, nor did the freeholders who recommended the application sign the recommendation after the petition was altered.

The court granted a license to Bennett " with the express condition that no open bar was to be maintained, and that the purpose of the license was to serve guests at table with meals."

The act of 1872 prescribes the form of the license which the court may grant, which is " to sell malt liquors in the place which the applicant keeps." A license so granted authorizes the licensee to keep an open bar. From the fact

that the court annexed to the license granted a condition that he should not keep an open bar, and should sell only with meals served, we must infer that in the exercise of its discretion the court decided that a license such as the statute authorizes should not be granted. The license granted is not authorized by the act of 1872 or by any other statute, and was not recommended by ten freeholders. The Common Pleas, therefore, had no jurisdiction or authority to grant such a license. A constituent essential to the jurisdiction of the court was absent and that makes its action subject to review in this court under the case of *Dufford* v. *Nolan*, 17 *Vroom* 87.

The suggestion that the restriction imposed will be in the interest of good order cannot be considered. Licenses can be granted only in virtue of the statute. The legislature alone prescribes the conditions and terms, and the Common Pleas is without power to depart from these provisions and to say that although the license provided by law ought not to be granted, it will issue some other license not authorized by the act. The action of the court has no basis in legislation, and is therefore invalid.

The license certified is vacated and set aside.