PEOPLE ex rel. SHELTER v. OWEN et al.

(Supreme Court, Equity Term, Monroe County. March 29, 1909.)

1. MANDAMUS (§ 7*)—ALTERNATIVE WRIT—DISCRETION OF COURT.
   The granting of an alternative writ of mandamus, where relator is not entitled to a peremptory writ, rests in the sound discretion of the court, not being a matter of strict right.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 5; Dec. Dig. § 7.*]

2. MANDAMUS (§ 87*)—ACTS AND PROCEEDINGS OF PUBLIC OFFICERS—MATTERS OF DISCRETION.
   Where a health officer is given full discretionary power to grant or withhold licenses to milk dealers, his discretion, when not arbitrarily, unjustly, or unreasonably exercised, will not be reviewed by mandamus.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 192; Dec. Dig. § 87.*]

3. FOOD (§ 2*)—MILK DEALERS—REGULATION.
   A regulation of a city health department, requiring milk peddlers to provide a special room for storing milk and for cleansing utensils as a condition precedent to obtaining milk peddling licenses, is a reasonable one.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 2; Dec. Dig. § 2.*]

4. MANDAMUS (§ 154*)—ACTS AND PROCEEDINGS OF PUBLIC OFFICERS—MATTERS OF DISCRETION—APPLICATION—SUFFICIENCY.
   An application for a writ of mandamus to compel a health officer to issue a milk peddler's license, which charged in general terms that the refusal of a license was arbitrary and an abuse of power, but stated no facts showing it to be so, was insufficient.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 298; Dec. Dig. § 154.*]

Motion by the People, on the relation of Charles Shelter, for peremptory writ of mandamus against Charles S. Owen, Commissioner of Public Safety, etc., and another, requiring defendants to issue to relator a license to sell milk in the City of Rochester for the year 1909. Motion dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank M. Goff, for the motion.

William W. Webb (John M. Stull, of counsel), opposed.

FOOTE, J. The motion papers are for a peremptory writ. The affidavits read in opposition put in issue most of the material facts alleged for the writ. In view of this, in the brief submitted by the learned counsel for the relator, he concedes that he is not entitled to a peremptory writ, but asks that an alternative writ should issue. This is proper, if the case made is one fairly entitling the relator to an alternative writ. It is not a matter of strict right, but rests in the sound discretion of the court to which the application is made. The moving papers fairly show, what also appears in the answering affidavits, that the relator was denied a license as a milk peddler because he refused to provide a room in which to store his milk upon his farm in the town of Gates, and in which to wash and cleanse his milk cans and other utensils. It is charged in the moving papers that this refusal was capricious, tyrannical, arbitrary, and unreasonable, and not based upon sufficient reason, and is an abuse of the power and discretion lodged in the defendants as officers of the city of Rochester.

The grounds of the refusal, however, are stated, and if they are sufficient to justify the defendants in the exercise of a fair discretion and reasonable judgment in refusing a license, then as matter of law such refusal is not capricious, arbitrary, or unjust, and the courts are without power to so treat it, in the absence of evidence that licenses are granted to others similarly situated, or that there has been an intentional discrimination against the relator. Nothing of that kind is charged.

It is conceded that the defendants are vested with a certain discretion in determining to whom milk peddling licenses shall be granted, but the claim is: That the defendants are without authority to impose, as a condition for granting such license, that relator should provide a special room for storing his milk and cleansing his utensils; that in this respect the authority of the defendants is limited by the ordinance adopted by the common council regulating the quality of milk, the kind of vessels in which it shall be transported and delivered, and the kind of rooms in the city in which it may be stored. I am unable to adopt this view.

It appears from the motion papers that the defendant health officer has granted no licenses except to producers of milk who do maintain a separate room for its storage and the cleansing of their utensils. The requirement seems to be a reasonable one for the protection of the public health. There are some 700 producers and dealers whose milk comes to the city of Rochester, and the health officer, with the aid of only two inspectors, is required to maintain a supervision over this traffic in the interest of the public.

It is certainly reasonable that he should require the producers of milk who wish to dispose of it in the city of Rochester to equip their places of producing and storing milk with such sanitary appliances as experience teaches to be necessary or desirable to prevent contamination of the milk. The defendant Goler has been engaged as an expert in charge of the health department for many years and has

made a special study of the subject. He has determined that a separate milk room should be maintained for such purpose. The relator does not show that such a regulation is not desirable or advantageous for securing the delivery of pure milk. His contention is that the defendant Goler is without power to adopt such a regulation.

I think the charter and the ordinances confer upon the defendant Goler full discretionary power to grant or withhold licenses to milk dealers, so long as his determination is based upon consideration reasonably affecting the character and quality of the milk to be delivered by the proposed licensee, and that his discretion in this respect, while subject to review by appeal to the commissioner of public safety, as was done in this case, is not reviewable in the courts, unless facts are alleged showing it was not honestly exercised in the interest of a pure milk supply. It is not sufficient to charge in general terms that the refusal of a license was arbitrary and an abuse of power, but facts tending to show it to be so should be stated.

The office of an alternative writ, if one were granted, would be to try out in the courts the question as to whether it is good judgment for the health department to require milk producers to maintain a separate milk room. This would substitute the opinion of the court for that of the health officer. It is not desirable or in the public interest that the discretion of the health officer should be so reviewed, and, whether the power to do so exists or not, it ought not, in my opinion, to be exercised in this case.

Relator's motion should be dismissed, with $10 costs.