## Robertson et al. v. Schein.

October 10, 1947.

W. B. Ardery, Judge.

Eldon S. Dummit, Attorney General, and Emmet V. Mittlebeeler, Assistant Attorney General, for appellants.

Smith & Leary for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Herbert Schein, is a graduate of Middlesex College, in Waltham, Massachusetts, a veterinary college organized and approved under the laws of that state, which authorized it to confer the degree of "Doc-

tor of Veterinary Medicine" upon graduates completing the prescribed course of study. He completed that course and on December 1, 1944, it conferred upon him that degree and issued to him a diploma to that effect.

Desiring to locate and practice veterinary surgery in this commonwealth, appellee applied to the State Board of Veterinary Examiners (the members of which are appellants) to take the examination prescribed and required by sec. 321.040, subsec. (3) KRS, which says: "If he (applicant) passes the examination satisfactorily, the board shall issue him a license certificate, signed by its president and secretary and authenticated by its seal." (Our parenthesis.) He passed the examination "satisfactorily" and the Board on August 26, 1946, issued to him a license as a Non Graduate Veterinarian pursuant to an act of the Legislature approved March 24, 1916," with authority to practice veterinary medicine, surgery and dentistry in the State of Kentucky pursuant to the laws thereof.

Appellee was dissatisfied with the limitations contained in the license by the use of the words "Non Graduate," which, as the Board held, deprived him of using the title "Dr." before his name, or the letters "D. V. M." after his name. He then applied to the Board and requested it to issue him an unrestricted license as contemplated by sec. 321.040 of KRS, which it failed and refused to do. The Board concluded that it had the right to so limit the privilege conferred on appellee, pursuant to the 1916 statute, Laws 1916, c. 71, but all semblance of such authority which the 1916 Act may have contained was repealed by Chapter 177 of the 1918 Acts. The title to the latter act is:

"An Act to amend Chapter 71 of the Acts of the General Assembly of 1916, which is 'An Act to regulate the practice of Veterinary Medicine, surgery and dentistry in the State of Kentucky, to license non-graduate veterinarians, to establish a State Board of Veterinary Examiners and to provide penalties for violating the provisions thereof,' which act was signed by the Governor on March 24, 1916."

In its body the provisions in the 1916 Act with reference to "Non-Graduate Veterinarians" is entirely

omitted. Therefore, our present law as contained in Chapter 321 of KRS is the entire law relating to the licensing of veterinary surgeons.

Pursuant to its interpretation, or its authority, it promulgated rules 19 and 20, which say:

"Rule 19. Such applicant having passed a satisfactory examination, and being a graduate of a *recognized* Veterinary College, as shown by his diploma filed with the Board, shall be granted a Graduate's license; and all other applicants, not graduates of *recognized* Veterinary Colleges, shall be granted a Non-graduate license; and under no circumstances shall there be any deviation from this rule.

"Rule 20. A *recognized* Veterinary College shall be defined as such colleges as are recognized and accredited by the American Veterinary Medical Association and by the United States Bureau of Animal Husbandry." (Our emphasis).

On April 26, 1947, appellee filed this action in the Franklin circuit court against appellants, and in his petition he set out the above facts and prayed for a mandatory order directing the Board to issue to him an unrestricted license to practice veterinary medicine, surgery and dentistry "in all of its phases and branches, as defined in KRS 321.010, subsec. (3)" and for his costs and all proper relief. The court overruled defendant's demurrer to the petition and adjudged, upon his failing to further plead, that:

"(1) The only requirements for a license to practice veterinary medicine, surgery or dentistry as such term is defined in KRS 321.020 are contained in KRS 321.040.

"(2) The defendant Board was without authority to promulgate and enforce Rules 19 and 20 of the Board's Rules and Regulations.

"(3) Plaintiff having satisfactorily passed the examination provided in KRS 321.040 is entitled to an unrestricted license to practice veterinary medicine, surgery and dentistry in the Commonwealth of Kentucky, and the Board is hereby ordered to issue to the plaintiff an unrestricted license so to do."

Before filing the action Mr. Joseph J. Leary, one of the attorneys for appellee, wrote to the Board asking it certain questions as to what his client was authorized to do under the Non Graduate license, or certificate, it had issued to him, one of which was: "May they (the holders of such a certificate) use the letters D. V. M. after their names?" to which the Board replied: "We are of the opinion that the use of these letters is not proper nor in accord with highest professional standards." In answer to counsel's question (3) the Board said that the holder of a Non Graduate license "may establish an office in Kentucky and, in connection with this office a small animal hospital," but it expressed a doubt that a Non Graduate veterinarian "can hold himself out to the public as qualified and equipped to engage in the practice of veterinary medicine in all of its branches." The letter stated the Board's doubt as being based upon the fact "that the United States Bureau of Animal Husbandry does not recognize him as a graduate veterinarian." The letter concluded with the statement that: "These limitations are caused by the decisions of outside agencies and are not under the jurisdiction of the Board. The Bureau of Animal Husbandry would not recognize a Non Graduate veterinarian, no matter what action might be taken by our Board." So it thus clearly appears that the only fact upon which the Board based its authority for the promulgation of its rules 19 and 20 was, that the United States Bureau of Animal Husbandry would not recognize a graduate veterinarian from a school not recognized by it.

The sole question here involved is the authority of the Kentucky Board to promulgate its two rules above referred to which must emanate solely from conferred authority given by the Kentucky Statute. We have seen that it nowhere confers any authority on the State Board to issue two classes of certificate or license, one based upon graduation from the recognized veterinary college and one based upon successful examination by one from a veterinary college not recognized and which is designated "Non Graduate certificate."

So the question resolves itself into whether or not the promulgated rules were legislative in character, by extending our statute law upon the subject beyond its expressed requirements and provisions, by the injec-

tion into the statute requirements not therein provided for. If that question should be answered in the affirmative then clearly the promulgated rules in contest are invalid. Our Constitution prescribes in its section 27 that: "The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

The following section (28) prescribes that:

"No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

Nowhere in the Constitution is there any direction or permission of the Legislative department to delegate its authority to make statutory laws to any person or group of persons, which simplifies the question for determination to whether or not rules 19 and 20 of the Board are purely administrative in their character, or are they legislative in character.

The only authority given to the Board to make rules is coupled with the provision that such rules shall be consistent "with the laws of this state or of the United States, necessary to carry out this chapter." See division (a) of subsec. (1) of KRS 321.120.

In the case of Bloemer et al. v. Turner et al., 281 Ky. 832, 137 S. W. 2d 387, 388, the question involved related "to the authority of an administrative bureau" to make rules in the performance of its duties conferred upon it by statute. The statute there involved provided for branding and labeling packages of specified articles of food for domestic animals. The statute prescribed what should be contained on the label to such packages, which were "(1) the number of net pounds therein; (2) the name, brand or trademark; (3) the name and address of the manufacturer; (4) 'and the guaranteed analysis (of the content).'" The Head of the Department of Feeding Stuffs promulgated an additional fact to be stated on the label of a package containing dog food, which was that there should also appear thereon

the percentage of water contained therein. The manufacturers of such food contested the validity of the rules as being legislative in character in that they prescribed a requirement not included in the statute and not being administrative or regulatory. We upheld that contention and in doing so we construed sections 27 and 29 of our Constitution and arrived at the conclusion that the additional requirement under the Bureau's rule in that case was invalid as being in violation of those sections.

Counsel for appellants argue that the Bloemer case is not a guiding precedent for the determination of the question involved in the instant one. But the only difference that counsel attempts to point out between the two cases is that the statute involved in the Bloemer case provided for a penalty for any violation thereof. But that penalty was not directed to any member of the Bureau which made and promulgated the rule therein but to violations of the requirements of the statute by the manufacturers and others dealing in the particular product, and which was also true in Chapter 321 of KRS, the one here being construed.

However, if the alleged differences existed between the two statutes, the one involved in the Bloemer case and the one involved in this case, it would have no bearing on the validity of rules 19 and 20 supra, since the providing of a penalty for the issuing of an invalid rule would not render that rule valid, if the Board promulgating it was without authority to do so. Many authorities and sound reasoning is contained in the Bloemer opinion in support of the conclusion reached therein to the effect that an administrative board with rule making power cannot by the promulgation of a rule *add to* or *take from* the requirements of the statute it is administering, because to do so would encroach upon the Legislative Department, which, as we have seen, is forbidden by our Constitution. To express it tersely, the opinion in that case quoted and approved from the Pennsylvania case of Locke's Appeal, 72 Pa. 491, 13 Am. Rep. 716, that:

"The Legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend."

As pointed out in that case no administrative board may add to the requirements of a statute, nor can it eliminate therefrom any requirement contained in the statute. If it could do so by the addition of a single requirement, or a single elimination of one, it could also add to or eliminate any number of statutory requirements and thus change or alter the statute and make it an entirely different one from what the Legislature had enacted.

It is insisted, however, by counsel for appellants that since subsection (2) of sec. 257.210 KRS requires the State Veterinarian to be a resident of the State and graduate veterinarian before his appointment, and that subsec. (3) of 257.240 of the same statute requires the same qualification of the Deputy State Veterinarian, the Legislature recognized the difference between graduate veterinarians and non graduate veterinarians which is an implied authorization for the board to do likewise in administering Chapter 321 of KRS. We, however, fail to be so convinced. The latter two sections did nothing but prescribe the qualifications to hold public office and perform public functions. Neither of them apply in the most remote degree to the qualifications for one to privately engage in the practice of that profession.

Finally, it should be said that were we entirely without the precedent Bloemer opinion and other domestic cases cited therein and that the question involved is one of first impression in this court, we would still adhere to the ruling of the trial judge in holding that rules 19 and 20 were invalid because legislative and not administrative.

In 42 Am. Jur. 281-713, the subject of "Public Administrative Law" is thoroughly discussed in all of its phases. A large part of it is devoted to the authority of administrative boards to make rules for the enforcement of the statute under which they operate. The text says that it is generally declared that such authority is administrative, and in sec. 29, page 321, it says:

"Administration, it has been said, has to do with the carrying of laws into effect * * * their practical application to current affairs by way of management and oversight, including investigation, regulation, and con-

trol, in accordance with and in execution of the principles prescribed by the lawmaker.''

In sec. 37, page 330, it is said:

''The authority to make rules and regulations to carry out a policy declared by the lawmaker is administrative and not legislative.''

On page 336, and as a part of sec. 45, the text says:

''In considering the true test as to whether it is administrative and merely relates to the execution of the law, the true distinction is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and the conferring of authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made. The inherent necessities of governmental co-ordination must fix the extent and character of the assistance which the legislature may seek from another branch of the government.''

In sec. 53, on page 358, it is also stated:

''Since the power to make regulations is administrative in nature, legislation may not be enacted under the guise of its exercise by issuing a 'regulation' which is out of harmony with, or which alters, extends, or limits, the statute being administered, or which is inconsistent with the expression of the lawmakers' intent in other statutes. The administrative officer's power must be exercised within the framework of the provision bestowing regulatory powers on him and the policy of the statute which he administers. He cannot initiate policy in the true sense, but must fundamentally pursue a policy predetermined by the same power from which he derives his authority. Thus, where a right is granted by statute, the officer administering such statute may not by regulation add to the conditions of that right a condition not stated in the statute, nor may he bar from that right a person included within the terms of the statute, even though such inclusion is not express, but only by judicial construction.''

Following the general outline of authority to make rules by administrative bodies, Mr. Ernst Freund in his

work, "Administrative Powers over Persons and Property," on page 113 says:

"In the absence of express statutory provision the power of administrative authorities to annex conditions to licenses should be denied, and such appears to be the better law R. v. Bowman (1898), 1 Q. B. 663; see 76 Just. Peace 507; Van Nortwick v. Bennett, 62 N. J. L. 151, 40 A. 689; Volp v. Saylor, 42 Or. 546, 71 P. 980; Thompson v. Gibbs, 97 Tenn. 489, 37 S. W. 277, 34 L. R. A. 548; the power has been recognized in People ex rel. Shelter v. Owen, 66 Misc. 24, 116 N. Y. S. 502, a special-term decision. This means of course that a condition annexed without authority is inoperative, or is ground for rescinding the license; for to hold that acceptance of the license means submission to the condition is practically equivalent to holding that the condition may be imposed (In re Sarlo, 76 Ark. 336, 88 S. W. 953; also Malkan v. Chicago, 217 Ill. 471, 75 N. E. 548, 2 L. R. A., N. S., 488, 3 Ann. Cas. 1104."

The various texts hereinbefore inserted are supported by cases cited in the notes, all of which conclusively establishes the correctness of the trial court's judgment in this case, and it is affirmed.