John Robert ROTTINGHAUS, Appellant,

v.

BOARD OF COMMISSIONERS OF the CITY OF COVINGTON, Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1979.

Stephen D. Wolnitzek, Covington, for appellant.

Otto Daniel Wolff, Covington, for appellee.

Before MARTIN, C. J., and GUDGEL and WINTERSHEIMER, JJ.

MARTIN, Chief Judge.

We have before us the question of whether the City of Covington has validly enacted a police eligibility program. Appellant argues Section 16–149 of the Covington City Code is invalid because it contravenes the Kentucky statutes. We believe it to be a validly enacted ordinance and affirm the decision of the lower court.

We will first direct our attention to the pertinent statutory provisions. KRS 95.430 gives the legislative body of a second or third-class city the power to make rules governing operation of its police department as it deems necessary and expedient. KRS 95.430(2).

KRS 95.440 prescribes basic requirements for qualifications of personnel on the police force of a second or third–class city, including testing for reading and writing abilities.

KRS 95.450 requires a hearing of charges before any suspension, dismissal, reprimand or reduction in grade of any member of a second or third–class city police department. KRS 95.450(1).

On January 14, 1971, the Board of Commissioners of the City of Covington, a second–class city, passed an ordinance which was codified as Section 16–149 of the Code of Covington. This ordinance provides that all appointments from the Police Eligibility List shall be for an initial probationary period of one year. The code section further provides that the appointment is conditional upon the appointee successfully completing this one–year probationary period. Under this ordinance, the Chief of Police is given sole responsibility for evaluating performance and determining which appointees have qualified for permanent employment. The ordinance expressly directs that until such time as the appointee has successfully completed this one–year probationary period he is not to be considered a permanent employee and, therefore, is not entitled to the procedural protections afforded police and fire department members under KRS 95.450.

On July 15, 1977, appellant was appointed from the Eligibility List to serve his one–year probationary period. As such, he took an oath of office required of all police officers pursuant to Section 228 of the Kentucky Constitution. He was vested with the same power of arrest given to permanent police personnel.

On December 14, 1977, appellant accepted a three–day suspension for public misconduct because his action was a violation of a departmental rule. As a result of this incident, and because of general observation of appellant's conduct, four of appellant's su-

pervisors (his shift commander, his bureau commander, his personnel and training officer, and one Lt. Col. Heeger) submitted recommendations concerning appellant to the Chief of Police.

Based upon these recommendations, on February 14, 1978, the Chief of Police terminated appellant's employment. On the date of termination appellant was serving his probationary period and was, therefore, denied his requested hearing on the dismissal proceedings against him pursuant to Section 16–149 of the City Code.

Appellant argues that the Board of Commissioners of the City of Covington exceeded its powers as set out in KRS 95.430(2) when it enacted City ordinance Section 16–149. He maintains this ordinance creates a grade of police officer considered to be a member of the police department for all purposes except for the purpose of a hearing when disciplinary action is taken. Appellant argues the illegality on the probability of abuse of power when someone is given power of arbitrary termination of employment.

■ Kentucky's test for the validity and legality of a city ordinance is set out in *City of Bowling Green v. Gasoline Marketers*, Ky., 539 S.W.2d 281 (1976). The test states that if an ordinance is enacted without authority or contrary to the controlling laws in such matters, or the ordinance is unreasonable, arbitrary or oppressive, the court may declare it invalid. It is clear that KRS 95.430(2) and KRS 95.440 empower the Commissioners with the necessary authority required under this test.

Fortunately we are not here determining if an ordinance is arbitrary or oppressive because it deprives an appointee on probation of access to review of any disciplinary action taken against him and gives full power of dismissal to one person. We are only asked to decide if statutory powers were exceeded or if a conflict between ordinance and statute arose as a result of the enactment of City Ordinance Section 16–149. If the particular action taken in this case was to us clearly arbitrary, we might have cause to question the propriety of the action of the police chief. However, we are satisfied that arbitrariness on the part of the police chief is not at issue in this case. We are not condoning the absolute power given the Chief of Police under Section 16–149. We are simply acknowledging KRS 95.430. This statute gives cities of the second class the power to ordain and enforce rules for the governing of departments and to define the qualifications and duties of the applicant for permanent employment.

■ Section 16–149 provides a means of examining qualifications. Hiring a police officer must be viewed differently from hiring any other city employee. The power to use a gun, to arrest, and to question citizens cannot be taken lightly. No amount of pre–employment interviewing, testing, or post–employment history will satisfactorily show ability in the field. This must be observed. There must be a *method* by which an appointee can be dismissed without too much red tape to assure citizens that questionable candidates are removed without delay. The vehicle chosen by the City of Covington was Section 16–149. We think it is sound public policy to give broad powers to determine eligibility of appointees to serve as police officers. The Board of Commissioners did not exceed its powers when it enacted Section 16–149. It was properly enacted pursuant to KRS 95.430(2).

■ Appellant also argues that Section 16–149 is invalid because it denies appointees the discipline procedure protections contained in 95.450, *i. e.*, a hearing of charges against him, and is, therefore, in direct conflict with said statute.

Once an appointee has completed the probationary period, it indicates that this particular candidate is qualified to act as a police officer with full police powers. Having proven to be fit and worthy of such a responsible role, it becomes imperative that the officer be protected from any unfair or arbitrary disciplinary action. KRS 95.450 affords the procedural protection.

The rule well established in Kentucky is that when an ordinance is in direct conflict with a statute upon the same subject, the ordinance must yield. *Reed v. Hostetler*, Ky., 245 S.W.2d 953 (1952). We find that

the subject matter contained in KRS 95.450 differs from that of Section 16–149 of the Covington City Code. There is, therefore, no conflict. Section 16–149 is not a disciplinary regulation. It is a legislative directive setting up a process for evaluation of a potential member of the Police Department of the City of Covington.

Section 16–149 of the Covington City Code is a valid and legal ordinance.

Judgment of the Kenton Circuit Court is AFFIRMED.

All concur.