Felecia A. BROWN, Movant,

v.

JEFFERSON COUNTY POLICE MERIT
BOARD & Jefferson County Police
Department, Respondents.

JEFFERSON COUNTY POLICE
DEPARTMENT, et al., Movants,

v.

Felecia A. BROWN, Respondent.

JEFFERSON COUNTY POLICE
MERIT BOARD, Movant,

v.

Felecia A. BROWN, Respondent.

Nos. 87–SC–590–DG, 87–SC–599–DG
and 87–SC–606–DG.

Supreme Court of Kentucky.

May 19, 1988.

Ronald S. Smith, James W. Chambers,
Louisville, for movant/respondent, Brown.

Larry C. Ethridge, Louisville, for respon-
dent/movant, Merit Bd.

William T. Warner, Conliffe, Sandmann,
Gorman and Sullivan, N. Scott Lilly, Louis-
ville, for respondent/movant, Police Dept.

LEIBSON, Justice.

These are three cases consolidated on
appeal. The parties are (1) Felecia Brown,
who has been terminated from her employ-
ment with the Jefferson County Police De-
partment by written notice from the Chief

of Police, (2) the Police Department, and (3) the Jefferson County Police Merit Board.

Brown had completed classroom instruction and field training and had been sworn in as a Jefferson County Police Officer with the rank of Grade C Patrolman on October 1, 1984. On August 18, 1985, she was involved in an off duty altercation wherein she struck a neighbor with a shovel, allegedly in self-defense. She was notified by the Chief of Police that she was suspended pending investigation of the incident, and then, on September 9, 1985, notified of termination from her employment for "the good of the department."

Brown filed a notice of her intention to appeal from her termination with the Merit Board. The Merit Board dismissed her appeal *summarily,* without considering the merits, on grounds that under the "Rules and Regulations" of the Merit Board hers was a probationary appointment subject to removal during probation "by the Chief for the efficiency of the service," and under Merit Board Regulation 8.4(3):

"An employee so removed during any original probation period shall be dismissed. This action is not appealable by the employee."

Brown then filed an original action in Jefferson Circuit Court designated a "statutory appeal pursuant to KRS 15.520(2) and KRS 78.455(2)," demanding that her right to a hearing be recognized under KRS Chapter 78, which provides for a county police force merit system in Sections .400 to .480, and demanding reinstatement and employment with full back pay and benefits.

The circuit court sustained a motion to dismiss Brown's complaint, holding that the probationary regulations in question were a valid exercise of the Merit Board's regulatory powers. The Court of Appeals then reversed the judgment of the Jefferson Circuit Court and remanded with directions to the circuit court to order the Jefferson County Police Merit Board to review Officer Felecia Brown's appeal and hold a public hearing pursuant to KRS 78.455(1). The essence of the Court of Appeals' opinion is that the Merit Board's Regulation 8.4(3), quoted above, is void because it conflicts with the statutory scheme authorizing and providing for a county police force merit system. The Court of Appeals held that, at least insofar as removal, regardless of her designation as a probationary appointment, Brown was a member of the County Police force and a covered employee included in the merit system and entitled to the statutory protections attending the disciplinary and removal process described in KRS 78.445 through 78.460.

KRS 78.425, "Personnel included in merit system," provides in (1) that "[a]ll police officers of whatever rank and title, and all employes of every county police force affected by KRS 78.400 to 78.460 and 78.990 are covered by the provisions hereof," and in (3) that "[a]ll personnel covered by the provisions [of these sections] shall be deemed to be permanent employes subject to their ability to satisfactorily perform their respective duties and further subject to their good behavior." KRS 78.460 provides for a "due process" hearing before the Merit Board, which includes "an opportunity to confront his accusers and the privilege of presenting the board with evidence."

There are two issues presented for discretionary review. On the one hand, the Merit Board and the Police Department claim that the Court of Appeals erred in denying the validity of the Merit Board's Regulations establishing probationary appointments as a separate class and permitting their summary removal. Brown, of course, agrees with the Court of Appeals' decision in this respect. But Brown claims that the Court of Appeals erred in remanding the case for a Board hearing. She claims that she is entitled to reinstatement to the police force with full back pay because of the last sentence in Section .460, which provides:

"Any officer who is not given a hearing within sixty (60) days of any charge so placed shall be reinstated in full."

We affirm the holding of the Court of Appeals for reasons that will be stated. However, we agree with the Merit Board and the Police Department that the Court

of Appeals went too far where it opined that "discharge from the police force" for misconduct which occurs while "off duty" is necessarily beyond the scope of the Merit Board's Regulations. The kind of misconduct that merits suspension or removal is beyond the scope of this appeal. The issue on appeal is the procedural questions involved in the right to a hearing.

Further, we do not view as critical, as did the Court of Appeals, the context of Section .428. This section exempts from the county police force merit system legislation, for purposes of appointment and removal, "the chief of police, assistant chiefs, and any officers above the rank of captain of county police forces in counties having a population of 600,000 or more." This is an exemption for a limited, fact-specific situation, rather than a section controlling by implication who may be excluded personnel in present circumstances.

The Merit Board and the Police Department claim that they derive from Sections .405 and .440 the authority to enact rules and regulations that set up probationary appointments subject to summary removal by the Chief of Police, exempted from the statutory protections of the county police force merit system.

KRS 78.405, in pertinent part, authorizes the Merit Board "to promulgate rules and regulations governing the classification, qualification, examination, appointment, promotion, demotion, fine, suspension and other disciplinary action within the said county police force of all personnel ... affected and covered by KRS 78.400 to 78.460." KRS 78.440, in pertinent part, provides the Merit Board with rule-making power "for the qualifications, original appointment, promotion, demotion, transfer, layoff, reinstatement, suspension, fine and removal of the officers and employes covered by KRS 78.400 to 78.460." Both Sections refer specifically to promulgating rules and regulations for "covered" employes and neither authorizes the Board to suspend the statutory rights of such employes.

In short, neither Section is a grant of authority to enact rules and regulations in conflict with KRS 78.400 to 78.460.

■ The legal efficacy of the rules and regulations of the Merit Board are subject to the same limitations that apply generally to the rule making power of any administrative body created by statute to carry out its terms. The statute states the legislative policy and the administrative agency merely administers the statute. In *Dept. for Natural Resources v. Stearns Coal*, Ky., 563 S.W.2d 471, 473 (1978), we stated:

"It is fundamental that administrative agencies are creatures of statute and must find within the statute warrant for the exercise of any authority which they claim."

■ The rule making power of a public administrative body is a delegated legislative power which the administrative body "may not use either to abridge the authority given it by the legislature or to enlarge its powers beyond the scope intended by the legislature." *Alcoholic Beverage Control Board v. Hunter*, Ky., 331 S.W.2d 280, 283 (1960). The "statutory provisions control with respect to what rules and regulations may be promulgated by such a body, as well as with respect to what fields are subject to regulation by it." *Id.*

In *Johnson v. Correll*, Ky., 332 S.W.2d 843 (1960), we held that the State Board of Embalmers and Funeral Directors were not empowered to expand the statutory law with respect to revocation of funeral director's licenses. In *Robertson v. Schein*, 305 Ky. 528, 204 S.W.2d 954 (1947), we held that an administrative board cannot promulgate a rule that adds to or takes away from requirements for a license to practice veterinary medicine in the statute it is administering. This would be legislative in character and encroach upon the power of the legislative department in violation of the Kentucky Constitution, §§ 27 and 28.

■ The statutory sections relied upon by the Merit Board and the Department for authority to promulgate the rules providing for a summary discharge of a police officer

during the probationary period specify that such rules are for personnel "covered by" the system. The system itself compels a Board hearing so conducted as to provide administrative due process as spelled out in the statutes. It is an oxymoron to argue that there is a further statutory grant of authority to the Merit Board to create a class of employees not covered by the system.

The power to establish qualifications to enter the system, and the power to classify within the system, in neither case justifies a classification of police officers who, having been duly appointed and sworn in as members of the county police force, are subject to summary removal, i.e., exempt from the operation of the statutes relating to the county police force merit system.

The power to establish regulations establishing qualifications for original appointments, and to establish training before such appointment, gives no power to suspend the rights statutorily created for the protection of those who, having been appointed, are within the system. It is not our function to decide whether it would be good policy for the statute to permit a probationary period during which a police officer would continue to be subject to summary discharge. Such policy considerations are exclusively the prerogative of the legislature. Our function is limited to deciding whether the administrative regulations are in conflict with the statute or in excess of the statutory mandate.

KRS 78.425 provides in subsection (1) that "[a]ll police officers of whatever rank and title" are included in the merit system, and in subsection (3) that all personnel so covered "shall be deemed to be permanent employes subject to their ability to satisfactorily perform their respective duties and further subject to their good behavior." This statute does not permit the existence of two classes of employees for purposes of the procedural protections conferred in KRS 78.400 to 78.460.

In *Rottinghaus v. Board of Commissioners of City of Covington*, Ky.App., 603 S.W.2d 487 (1979), the Court of Appeals upheld the validity of a Covington city ordinance providing that "all appointments from the Police Eligibility List shall be for an initial probationary period of one year," and "that until such time as the appointee has successfully completed this one-year probationary period he is not to be considered a permanent employee and, therefore, is not entitled to the procedural protections afforded police and fire department members under KRS 95.450." *Id.* at 488. However, the statutory scheme controlling the present case differs from the *Rottinghaus* case. KRS 78.425, quoted above, specifies that "[a]ll police officers of whatever rank and title" appointed to the county police force are "covered by the provisions hereof" and "deemed to be permanent employes" for purposes of the procedural protections afforded by the county police force merit system. This eliminates the discretion enjoyed by the city council in the *Rottinghaus* case to create a class of probationary officers who were not given the procedural protections granted to permanent officers. Unlike the City of Covington, the administrative agency here involved, the Merit Board, exists for one reason only, to carry out the county police force merit system established by the legislature, including the procedural guarantees.

■ The last argument which needs to be addressed is Brown's claim to automatic reinstatement with full back pay under the last sentence of KRS 78.460, quoted above, and KRS 15.520(1)(h)(7), which includes within the "administrative due process rights" granted to police officers of local units of government, the following:

"Any police officer ... who is not given a hearing as provided by this section within sixty (60) days of any charge being filed, said charge then shall be dismissed with prejudice and not be considered by any hearing authority...."

The purpose of these statutes is to mandate a prompt hearing of charges *pending* before the administrative body, and to provide a remedy where such hearing is not forthcoming. The problem with this argument is that no charges against Officer Brown were pending before the Merit

Board. On the contrary, it was Brown who demanded that the Merit Board review the charges. The Merit Board erroneously dismissed her claim for a hearing without reaching the merits. The purpose of Brown's statutory appeal was to reverse the Board's dismissal denying her a hearing. Having succeeded, her case is in the same posture as an original action in circuit court wherein a motion to dismiss on procedural grounds has been erroneously sustained. The appropriate relief is a remand for the trial on the merits which was erroneously denied her. Workers' Compensation cases, reversed on appeal and remanded to the Board, where the Board has erroneously dismissed on procedural grounds, present an analogous situation. *See*, e.g., *Browning Manufacturing Division v. Paulus*, Ky., 539 S.W.2d 296, 297 (1976). To correct the procedural error of the administrative body, the appropriate relief is to remand the case to the administrative agency to decide the merits of the controversy.

The decision of the Court of Appeals is affirmed. The case is remanded to circuit court for an Order consistent with this Opinion.

STEPHENS, C.J., and LEIBSON, LAMBERT, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., concurs by separate opinion.

GANT, J., dissents.

WINTERSHEIMER, Justice, concurring.

I concur with the majority opinion insofar as it remands this case in order to allow Brown the opportunity of a due process hearing. The statutory system outlined in KRS 78.425 does not provide sufficient differentiation between permanent employees and probationary employees.

The majority opinion is really based on the principle that the trial judge was clearly erroneous in finding facts. CR 52.01. The circuit judge determined that the legislature did distinguish between probationary and permanent employees. He held that new employees are not given the status of permanent until they satisfactorily complete a period of probation and found nothing unreasonable with the regulation of the Board. This Court has held differently stating that KRS 78.250 provides that all police officers are deemed permanent employees for the purpose of procedural protections provided by the county police force merit system.

Here Brown was sworn in as a county police officer in October, 1984, and received a one-year probationary appointment pursuant to merit board rules. In August, 1985, an altercation occurred in which Brown, while off duty, allegedly struck a neighbor with a shovel. She was terminated on September 9, 1985, by a letter from the police chief which gave no explanation except that her termination was "for the good of the department." She never received a hearing.

The reason given for the termination is vague and conclusionary. Procedural due process can be extended to all employees, both probationary and permanent, without the disruption of efficient personnel practices intended to eliminate unsuitable probationary employees. All that is needed is the keeping of an accurate and detailed personnel history, the opportunity for a prompt hearing, and a statement of the specific reason for release before permanent appointment.

In view of the decision of this Court the statute should be amended to specifically provide for an initial probationary hearing analogous to that found in KRS 95.450 for city employees and supported by *Rottinghaus v. Board of Commissioners of the City of Covington*, Ky.App., 603 S.W.2d 487 (1979). The existence of laws regarding city and state probationary employees only accentuates the need for such legislation to provide a uniform system of handling this type of situation.