RENDERED: JUNE 17, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0080-MR

J.M., BY AND THROUGH HIS
PARENTS AND GUARDIANS
PAULINA MINESINGER AND
DANIEL MINESINGER                                                                APPELLANT


APPEAL FROM OLDHAM CIRCUIT COURT
v.        HONORABLE KAREN A. CONRAD, SPECIAL JUDGE
ACTION NO. 20-CI-00458


OLDHAM COUNTY BOARD OF
EDUCATION                                                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: J.M., by and through his parents, appeals the Oldham County

Circuit Court order dismissing as untimely his appeal of the Exceptional Children

Appeals Board's (ECAB) final order. For the following reasons, we affirm.

The relevant facts of this case are few. In October 2017, after his family relocated from New Jersey to Kentucky, J.M. enrolled in the Oldham County School District for his sophomore year. He asked the District to evaluate him for a designation that he is a student with a disability – Attention Deficit Hyperactivity Disorder (ADHD) – the designation he enjoyed in the New Jersey school system. When the District declined the designation, J.M. initiated an administrative action before ECAB, a subdivision of the Kentucky Department of Education.[1] In accordance with the Individuals with Disabilities Education Act (IDEA),[2] J.M. was granted a due process hearing against the District.

After the hearing, ECAB determined J.M. was no longer a student with a disability. J.M. was notified of his rights to petition the circuit court for judicial review of the administrative decision, provided he did so within thirty (30) days. J.M. filed his petition thirty-one (31) days after the decision.

Citing CR[3] 12.02(f), Oldham County Board of Education moved to dismiss the case because it was untimely. J.M. acknowledged the filing of a petition on the thirty-first day is untimely but urged the circuit court to proceed to the merits anyway. The arguments he made to the circuit court are the same

---

[1] *See* 707 Kentucky Administrative Regulations 1:340.

[2] 20 United States Code Annotated § 1400 *et seq.*

[3] Kentucky Rules of Civil Procedure.

arguments he makes to this Court. The circuit court analyzed all issues in a lengthy order and this Court can hardly address them better. Therefore, with some editing and elaboration, our decision closely parallels the circuit court's order.

A circuit court should not dismiss a petition for failure to state a claim unless it appears from the pleading the petitioner would not be entitled to relief under any state of facts which could be proved in support of his claim. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citations omitted).

J.M. argues there were valid reasons for the late filing that justify proceeding to the merits anyway. We are unpersuaded.

The current statutory scheme allows persons adversely affected by a final order from ECAB applying the IDEA to seek judicial review pursuant to KRS[4] 13B.140. *See King ex rel. King v. Floyd County Bd. of Educ.*, 228 F.3d 622, 623-24 (6th Cir. 2000) (addressing "appropriate state statute of limitations" for judicial review of IDEA decisions). KRS 13B.140(1) says:

> all final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

The statutory scheme requires strict compliance.

---

[4] Kentucky Revised Statutes.

No judicial relief from an administrative agency's order generally exists as a matter of right. *Kentucky Unemp. Ins. Comm'n v. Wilson*, 528 S.W.3d 336 (Ky. 2017). Such relief "is a matter of legislative grace." *Nickell v. Diversicare Mgmt. Servs.*, 336 S.W.3d 454, 456 (Ky. 2011). Consequently, "the failure to follow the statutory guidelines for such an appeal is fatal." *Triad Dev./Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43, 47 (Ky. 2004).

Obviously, KRS 13B.140(1) is the pertinent statutory guideline here and it requires filing of the petition seeking judicial relief in thirty (30) days or less. "Where an appeal is filed in the circuit court by grant of a statute, as in this case, the parties must strictly comply with the dictates of that statute." *Spencer County Preservation, Inc. v. Beacon Hill, LLC*, 214 S.W.3d 327, 329 (Ky. App. 2007). J.M. failed to strictly comply with the dictates of KRS 13B.140(1).

As the circuit court did, we address J.M.'s asserted reasons for his acknowledged failure to strictly comply with the 30-day limitation of KRS 13B.140(1). Like the circuit court, we conclude these reasons do not serve as a substitute for strict compliance, nor do they amount to a legal excuse for failing to strictly comply with KRS 13B.140(1).

J.M. argues the COVID-19 pandemic, lack of communication with the circuit court's staff, as well as J.M.'s parents' being out of the country, all contributed to tardy filing, even though tardy by only a single day. He claims most

cases dismissed for failure to strictly comply with the 30-day filing requirement were unreasonably tardy and that "it would be unjust to dismiss a Petition for Judicial review which was filed a meager one day late."

We reject this argument because it only seeks to substitute the indeterminate concept of "substantial compliance" where the unyielding rule of strict compliance necessarily and without exception applies. We agree with the circuit court that "the factual scenario" J.M. presents is "unfortunate[.]" But we also agree that Kentucky law firmly establishes the requirement that an aggrieved party must strictly comply with, and our courts must strictly apply, the rules for claiming remedies created by legislative grace.

> When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy.

*Bd. of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978) (citing *Kentucky Utilities Co. v. Farmers Rural Elec. Co-op. Corp.*, 361 S.W.2d 300 (Ky. 1962)). That was precisely the circuit court's ruling when it stated, "the Court has no jurisdiction to decide this case." There was no error.

Finally, J.M. also contends the circuit court should have extended the 30-day timeline because Kentucky Supreme Court Order 2020-29 extended the filing time by thirty (30) more days to accommodate the challenges of the COVID-

19 pandemic.[5]  We disagree.  This administrative order does not affect the filing deadline of KRS 13B.140 for multiple reasons.  We explain just three.

First, the order addresses only "Extension of Filing Deadlines for Supreme Court of Kentucky and Kentucky Court of Appeals" and has no impact on the filing deadlines in circuit court such as set out in KRS 13B.140(1).

Second, the order affected only filings due between May 1, 2020, and May 31, 2020.  Kentucky law required J.M. to initiate judicial review of his ECAB final order in the 30-day window beginning August 17, 2020.

Third, "[the Supreme] Court cannot rewrite the statute" by opinion, rule, or administrative order to allow more time for filing.  *Maysey v. Express Servs., Inc.*, 620 S.W.3d 63, 71 (Ky. 2021).  "[T]o do so would encroach upon the Legislative Department, which, as we have seen, is forbidden by our Constitution."  *Robertson v. Schein*, 305 Ky. 528, 533, 204 S.W.2d 954, 957 (1947).

The circuit court did not err when it granted the Oldham County Board of Education's CR 12.02(f) motion.  The December 9, 2020 Oldham Circuit Court order dismissing J.M.'s petition is affirmed.

ALL CONCUR.

---

[5] J.M. also cites in his brief the Kentucky Supreme Court Administrative Orders 2020-55 and 2020-63.  However, those orders make no mention of filing deadlines.  J.M. cites them for their policy of protecting health and safety of workers and others who enter Kentucky's courthouses.

BRIEF FOR APPELLANT:

Samuel G. Hayward
Louisville, Kentucky

BRIEF FOR APPELLEE:

William A. Hoback
Mark S. Fenzel
Louisville, Kentucky