BROWN *v.* DAVIS.

5-1198                                    294 S. W. 2d 481

Opinion delivered October 29, 1956.

*Van Johnson* and *Shaver, Tackett, Jones & Lowe,* for appellant.

*Avin E. Johnson* and *A. P. Steele,* for appellee.

J. SEABORN HOLT, Associate Justice. This appeal comes from a decree of the Miller Chancery Court entered October 6, 1956, which denied appellants' petition for review of the action of the County Clerk of Miller County in certifying the sufficiency of a petition filed by certain qualified electors in said county for a local option election and which decree denied appellants' prayer that the Miller County Board of Election Commissioners be enjoined and restrained from causing to be placed upon the ballots to be used in Miller County in the general election, November 6, 1956, the question proposed by the sponsors of the petition.

For reversal appellant relies on the following points: "1. The Chancellor erred in dismissing plaintiff's complaint and in denying the restraining order prayed for. 2. The Chancellor erred in ruling that the Clerk made a certification of the sufficiency of the peti-

tion, whereas the alleged 'certification' was insufficient in law. 3. The Chancellor erred in ruling that Act 15 of 1955 did not repeal all provisions of Initiated Act No. 1 of 1942 except such as pertain to the 'preparation' of the petition. 4. The Chancellor erred in ruling that, since the adoption of Act 15 of 1955, it does not take a county initiative act under the I. & R. Amendment No. 7 to chance a 'wet' county into a 'dry' one. 5. The Chancellor erred in saying that appellants contend that Act 15 intended to and did abolish for all practical purposes local options on the liquor question in Arkansas. 6. The Chancellor erred in his construction of the term 'preparation,' as used in Act 15, 1955. 7. The Chancellor erred in ruling that it was not necessary to set out in the petition the proposed initiative act containing a proper or sufficient title or an enacting clause. 8. The Chancellor erred in ruling that the failure of the County Clerk to submit a ballot title to the County Board of Election Commissioners and to give the notice of election required by Act 4, 1935, was not fatal, and in ruling that a title can hereafter be so submitted and that the notice can be hereafter published. 9. The Chancellor erred in holding that Sec. 4 of Act 4, 1935 (§ 2-305 Ark. Stats.), does not apply to the petition in question as it is not a county initiative petition within the meaning of Amendment No. 7. 10. The proceedings for the proposed election are insufficient in law for reasons not heretofore covered or commented upon by the Chancellor, though briefed and argued."

Proceeding under the provisions of our I. & R. Amendment No. 7 to the Constitution of the State of Arkansas, Initiated Act 1 of 1942, and the recent Act 15 of 1955, the following steps in this case were taken as recited in the chancellor's findings: "The undisputed evidence shows that on September 5, 1956, there was filed with the County Clerk of Miller County a petition composed of several identical parts, purporting to be signed by more than 15% of the qualified electors of said county, as shown by the poll tax records, seeking a Local Option Election in Miller County under the provisions of Initiated Act No. 1 of 1942, as amended by Act 15 of

1955 . . . . On September 14, 1956, the County Clerk executed a certificate wherein he certified as to the sufficiency of the petition, and later sent such certificate, and other papers, to the Miller County Board of Election Commissioners, including a copy of the petition. In addition, and prior thereto, the clerk had also certified the sufficiency of the petition to the Miller County Court, and on September 14, 1956, the county court made and entered an order wherein that court also found the petition sufficient and ordered the County Board of Election Commissioners to cause said Local Option Election to be held on the regular biennial election date of November 6, 1956. The County Court order, among other things, directed that the ballot contain the question:
'FOR the manufacture or sale of alcoholic liquors.'
'AGAINST the manufacture or sale of alcoholic liquors.' That was the ballot title, or question, proposed in the body of the petition as circulated. A copy of this County Court Order was also sent to the Board of Election Commissioners by the County Clerk.

"Plaintiffs have conceded in oral argument before this Court that the petition in question was prepared in accordance with the original provisions of Initiated Act No. 1 of 1942, but contend that such petition does not meet the requirement of that Act as now amended by Act 15 of 1955. So the disposition of this lawsuit will turn on the meaning of Act 15 of 1955 and the effect that the enactment of such measure has had on the provisions of Initiated Act No. 1, *supra*."

At the outset we point out that we have consistently held that local option elections, as here, are not initiated measures within the meaning of Amendment 7 but are in the nature of a referendum measure. In the case of *Yarbrough* v. *Beardon and Phillips* v. *Foreman*, 206 Ark. 553, 177 S. W. 2d 38, we said "Amendment No. 7 to the constitution has no application. This is not an initiated act as provided for in that amendment. It is merely a submission to the legal voters of the county on the question of the sale of liquor, and is more in the nature of a referendum than an initiative petition, etc." Act 15 of 1955 provides: "An Act to fix the time for holding cer-

tain elections; and for other purposes. Be it enacted by the General Assembly of the State of Arkansas: Section 1. Local option elections, to determine the legality or illegality of the manufacture, sale, bartering, loaning, or giving away of intoxicating liquors, shall hereafter be held only on the regular biennial November general election days. Section 2. Every petition for a local option shall be prepared in accordance with Initiated Act No. 1 of 1942, and it shall be filed, and the subsequent proceedings thereupon shall be had and conducted, in the manner provided for county initiative measures by Initiative and Referendum Amendment No. 7 to the Constitution of Arkansas and enabling acts pertaining thereto. Section 3. All laws and parts of laws in conflict herewith are hereby repealed. Section 4. Whereas, under the present laws local option elections can be called and held at special elections; and, whereas these elections can be held on regular biennial general election days and thereby save the counties the expense of these elections; now, therefore it is determined by the General Assembly that an emergency is hereby declared to exist, and this act being necessary for the immediate preservation of the public peace, health and safety, shall be in full force and effect from and after its passage and approval."

The legislative purpose or intent in this Act 15 is clear. Its primary purpose is to change the date of holding local option elections to the regular biennial November election days; in other words, special local option elections are prohibited. In Section 2 it expressly provides that petitions for local option elections must be prepared in accordance with the provisions of Initiated Act No. 1 of 1942, and all subsequent proceedings thereupon shall be had and conducted in the manner provided for county initiative measures by I. & R. Amendment No. 7 to the Constitution of Arkansas. This could only mean, we think, that petitions should be prepared and that procedure followed in accordance with our construction of Act 1 of 1942. Had the legislature intended to repeal any part of Act 1 of 1942 or to change local option elections into intiative acts, it would have been very easy for it to have so declared. The legislature is pre-

sumed to take knowledge of the decisions of this court when enacting legislation.

The decree of the trial court contains these further recitals, which we hold the record supports and to which we agree. "Under the clear wording and intent of Act 15, *supra,* the provisions of the I. & R. Amendment, and its enabling act, did not come into play (or affect this petition) until said petition was filed with the County Clerk. Up to that time, the petition was and is governed by Initiative Act No. 1 unaffected by the provisions of Sections 2 and 3 of Act 15, *supra.* However, after such petition was filed with the County Clerk, 'subsequent proceedings thereon shall be had and conducted, in the manner provided for county initiative measures by Initiative and Referendum Amendment No. 7 to the Constitution and enabling acts pertaining thereto.' This means simply that while the local option petition under Act 1, *supra,* as amended, is not an initiative measure within the meaning of the I. & R. Amendment, still after such local option petition is prepared in accordance with Initiative Act No. 1 of 1942, and filed with the County Clerk, thereafter in order to get the question on the ballot at the regular biennial November general election in an orderly way such petition shall be handled in the same manner, and the same procedure followed, as if it were in fact a county initiative measure. Though different in nature, the same procedure insofar as getting the question on the ballot is concerned, must be followed after said petition is filed with the Clerk. That is what Section 2 provides.

"Plaintiffs contend that the petition in question should not have been referred to the County Court after it was filed with the Clerk. That point is immaterial insofar as this particular case is concerned, for the proof shows that the County Clerk actually did certify the sufficiency of the petition to the County Board of Election Commissioners in line with the provisions of the I. & R. Amendment. [The sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk, as the case may be, subject to review by the Chancery Court. I. & R. Amendment No.

7, Constitution of Arkansas]. The County Court also followed the provisions of Initiated Act No. 1 of 1942. So, insofar as this particular petition is concerned, it was handled both ways.

"The proof does show that the County Clerk has not, as yet, taken some of the steps required by Amendment No. 7, and its enabling act, in regard to this petition. For example, the petition recites, to-wit: 'that the ballot title of such proposition be as follows: 'FOR the manufacture or sale of intoxicating liquors.' 'AGAINST the manufacture or sale of intoxicating liquors.' and that title has not been submitted by the County Clerk to the Board of Election Commissioners, as required by Sec. 2-303 and 2-306 Arkansas Statutes (Act 4 of 1935). The Notice of the Election (previously given by the Sheriff under the provisions of Act 1, *supra*) but now required of the Clerk under Section 2-304 Ark. Statutes (Act 4 of 1935) has not been given. However, neither omission is fatal at this time for both can still be performed by the Clerk . . . The omissions, however, are not fatal at this time."

Accordingly, the decree is affirmed.