Bob McFERRIN et al *v.* Arnold KNIGHT,
Circuit and County Clerk, et al

78-294                                  580 S.W. 2d 463

Opinion delivered May 7, 1979
(In Banc)

*David Osmon; Norman C. Wilbur;* and *H. David Blair,* of *Murphy, Blair, Post & Stroud,* for appellants.

*Drew Luttrell,* for appellees.

GEORGE ROSE SMITH, Justice. This appeal in effect challenges the validity of a local option election held in Baxter county in connection with the general election on November 7, 1978. The electors voted in favor of the manufacture and sale of intoxicating liquors within the county. We reverse the chancellor's decree and dismiss the case, on the ground that a chancery court has no jurisdiction to review the sufficiency of a petition seeking a local option election.

The petitions for a local option election were filed with the circuit and county clerk on September 7, 1978. Amendment 7 to the Constitution of 1874 provides that initiative and referendum measures, in counties, may be ordered by petitions signed by persons equalling 15% of the total number

of votes cast in the last general election for the office of circuit clerk. In the present instance the clerk approved the petitions, certifying that 7,295 votes had been cast for the office of circuit clerk and that the petitions contained 1,278 valid signatures.

The clerk was actually in error in relying upon the 15% requirement contained in Amendment 7, because it is firmly settled that Amendment 7 has no application to local option petitions, which are governed by statute. *Brown v. Davis,* 226 Ark. 843, 294 S.W. 2d 481 (1956). The controlling statute actually provides that a county-wide local option petition must contain signatures equalling 15% of the qualified electors in the county. Ark. Stat. Ann. § 48-801 (Repl. 1977). In the present instance the petitions did not contain that many signatures.

The appellants, however, in challenging the petitions, did not at first raise the point that 15% of the county electorate had not signed the petitions. Instead, the appellants appealed to the chancery court and questioned the sufficiency of the petitions on other grounds, which we need not enumerate. With respect to those grounds the chancellor sustained the validity of the petitions and refused to prohibit the election. When the appellants finally raised the point that the petitions did not contain 15% of all the qualified electors in the county, the chancellor held that the objection was not timely.

As we have indicated, the chancery court actually had no jurisdiction to review the sufficiency of the petitions. That authority, in local option cases, is purportedly conferred by statute. Section 48-801.1 (Repl. 1977), which in turn refers to Section 2-311 (Repl. 1976). Ever since the leading case of *Walls v. Brundidge,* 109 Ark. 250, 160 S.W. 230, Ann. Cas. 1915C, 980 (1913), it has been consistently held that when the Constitution of 1874 was adopted, chancery courts had no jurisdiction with respect to election contests or the adjudication of political rights, and such jurisdiction cannot be conferred by statute. This want of subject-matter jurisdiction is an issue which the court raises itself, even though the parties have not done so. *Roper v. Rodgers,* 249 Ark. 416, 459 S.W.

2d 419 (1970). It follows that the chancery court should have dismissed the case, for want of jurisdiction.

We do not overlook the fact that under the express language of Amendment 7 the sufficiency of local initiative and referendum petitions is subject to review by the chancery court. The validity of that provision is not open to question, because of course the original jurisdiction of chancery courts can be enlarged by constitutional amendment. Local option petitions, however, as we have pointed out, are not filed under Amendment 7; so the statutory attempt to enlarge the jurisdiction of chancery courts must fail.

One other point must be discussed. In *Catlett v. Republican Party of Ark.*, 242 Ark. 283, 413 S.W. 2d 651 (1967), we dismissed a case pertaining to election matters, because the chancery court had no jurisdiction. In doing so, however, we explained that we ·'id not remand the case with directions that it be transferred to law, because no justiciable controversy remained in that instance.

In the case at bar, however, a justiciable question does remain. That is, the appellants contend that the failure of the local option petit: ns to contain the signatures of 15% of the county's total electorate is a jurisdictional defect that can be raised at any time and that renders void the wet-dry election which was held last November in Baxter county. We could, of course, remand the case to chancery so that it could be transferred to circuit court for the decision of that question. We see no reason, however, to adopt that circuitous procedure when the proper parties are before us and the question has been presented by the briefs.

We have found no authority on the exact point, but we think it plain that the 15% requirement is not jurisdictional. The manifest purpose of a minimum signature requirement is to make it certain that trivial matters cannot be readily placed upon the ballot. *State ex rel. Graham* v. *Board of Examiners*, 239 P. 2d 283 (Mont., 1952). There the number of signatures on an initiative petition fell short of the constitutional minimum, but the court held that the deficiency was immaterial where no such challenge was made until after the election. Similarly, we have held that the sufficiency of the

petition is of no importance after the question has been submitted to and voted upon by the people. *Beene* v. *Hutto,* 192 Ark. 848, 96 S.W. 2d 485 (1936). Moreover, Amendment 7 provides that the failure of the courts to determine the sufficiency of a petition before the election does not militate against the validity of a measure which has been approved by a vote of the people. In view of all these considerations we are convinced that the 15% requirement is not jurisdictional.

The decree is reversed, for want of jurisdiction in the chancery court, and the appellants' challenge to the election is dismissed.