The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on an issue involving a 1 cent sales tax in the City of Bald Knob. Apparently, the Bald Knob City Council passed an ordinance on April 4, 1988 levying a local sales and use tax, pursuant to A.C.A. 26-74-207
(Ordinance No. 88-03). An election was held in accordance with A.C.A. 26-75-208 on the question of levying the tax, and the tax was passed. The election was held on May 10, 1988, and the ordinance levying the tax therefore became effective on the first day of the first calendar month subsequent to the expiration of the twenty-day period for an election challenge. A.C.A. 26-75-209.
A resubmission of the question of the levy or repeal of the tax was sought by petition pursuant to A.C.A. 26-75-213. The question posed in this regard is whether this petition is timely filed in accordance with A.C.A. 26-75-213, or whether A.C.A. 26-75-210, Amendment 7 to the Arkansas Constitution, and Bald Knob City Ordinance No. 69 prohibit the filing of the petition as untimely.
It is my opinion that the filing of this petition is in accordance with Arkansas law, as promulgated by the General Assembly, and that is it not contrary to local Ordinance No. 69 or the Arkansas Constitution.
Section 26-75-213 states in pertinent part as follows:
 (a)(1) Except as provided in 26-75-210 and in subsection (b) of this section, when the question of the levy or repeal of a city sales and use tax is submitted to the electors and the proposition is approved or defeated, the question shall not again be submitted to the electors by ordinance of the governing body of the city or by petition of electors for a period of one (1) year from the date the proposition was last voted upon.* _________. * This one (1) year period was changed to six (6) months by Act 862 of 1989. _________.
Section 26-75-210 states in pertinent part that the local tax, once adopted, can be abolished only after an election ". . . called by action of its governing body or by petition of the qualified voters in the city." A.C.A. 26-75-210(a).** _________. ** Subsection (b) of 26-75-210 prohibits, however, the repeal of a tax that is pledged to secure the payment of outstanding bonds or lease payments under a lease currently in effect. _________.
As to the petition procedure and the election, subsection (a) of26-75-210 states that "the provision of Arkansas Constitution, Amendment7, with reference to initiative procedures, together with any ordinances of the city governing such initiative procedures pursuant to the authority granted to municipalities by Amendment 7, shall govern the petition procedure and the calling and holding of an election with reference to abolishment of such tax."
It should be initially noted that 26-75-213 does not appear to be in conflict with 26-75-210. Indeed, these Code sections were originally enacted as part of the same piece of legislation (Acts 1981 (Ex. Sess.) No. 25), and as such must be reconciled, so far as practical, so as to make them consistent, harmonious and sensible. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93,717 S.W.2d 220 (1986). Toward this end, it is my opinion that26-75-210 should not be construed as incorporating REFERENDUM procedures under Amendment 7 to the Arkansas Constitution. The language of 26-75-210 does not support such a construction, nor would 26-75-213 withstand this interpretation. The language of26-75-210 should be construed just as it reads, that is, as expressly providing for the applicability of the Amendment 7 "INITIATIVE PROCEDURES," as well as local ordinances "governing such INITIATIVE PROCEDURES" pursuant to Amendment 7. (Emphasis added.) The legislature has, similarly, incorporated Amendment 7 procedures for "initiated measures" in connection with petitions for local option elections. See A.C.A. 3-8-204. The Arkansas Supreme Court has held, with regard to such elections, that the applicability of the Amendment procedures does NOT change local option elections into initiative acts. See, e.g., McFerrin v. Knight, 265 Ark. 658, 580 S.W.2d 463 (1979); Brown v. Davis,226 Ark. 843, 294 S.W.2d 481 (1956). Surely, in light of these decisions, a court would not equate the petitions under 26-75-210
and 26-75-213 with Amendment 7 referendum petitions, particularly when 26-75-210 makes reference only to "initiative procedures."
Similarly, the statement in 26-75-210 concerning "ordinances of the city governing such initiative procedures pursuant to the authority granted to municipalities by Amendment 7," should not be construed to transform the sales tax petition into a referendum petition within the ambit of Amendment 7. The language of26-75-210 simply does not support that contention. The requirements under Bald Knob Ordinance No. 69 involving "referendum petitions" are therefore inapplicable.
Nor, in my opinion, does Amendment 7 apply in this instance to render 26-75-213 unconstitutional. I do not believe that the election authorized under this Code section is provided for by the Constitution. The "measure has already, in essence, been "referred to the vote of the people" by virtue of A.C.A.26-75-208. The ordinance has already become effective, upon the electors' adoption of the tax. A subsequent election is not for the purpose of referring the original ordinance to the people within the meaning of Amendment 7; rather, the election will decide whether the tax, which is currently in effect, will continue to be collected.
The inapplicability of Amendment 7 in this instance is also indicated by the Arkansas Supreme Court's review of several cases involving the submission of questions to the local electorate. In Chastain v. City of Little Rock, 208 Ark. 142, 185 S.W.2d 95
(1945), the Court determined that a local ordinance submitting to the voters, in accordance with a state statute, the question of annexing adjoining territory was not a "measure" subject to a referendum by Amendment 7. Chastain, 208 Ark. at 144. The Court relied upon several decisions from other jurisdictions wherein it was concluded, in sum, that the action of the city council in calling the election did not constitute municipal legislation for purposes of initiative and referendum constitutional provisions.
Particularly significant for our purposes is the fact that Ordinance No. 88-03, like those involved in Chastain and in the cases cited therein, serves to submit the issue to a popular vote. The city council itself has no power to order the levy and collection of the tax. It may therefore reasonably be concluded that the ordinance in this case is not the type of "municipal" or "local" legislation to which the Amendment 7 referendum provisions apply.
While it is true that Amendment 7 vests each municipality with the right to fix the time for filing referendum petitions as to local legislation, it is my opinion that the petition in question does not seek to "order the referendum . . . upon (a) local measure" for purposes of Amendment 7. As previously stated, Section 26-75-210
does not reflect legislative intent to impose Amendment 7 referendum procedures. Nor, in my opinion, does this fact render the statutory scheme unconstitutional, particularly in light of the presumption of constitutionality attendant to each legislative act. See, e.g., Stone v. State, 254 Ark. 1011, 498 S.W.2d 634
(1973).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.